977 S.W.2d 386 (1998)
In the Matter of T.A.F.
No. 04-97-00830-CV.
Court of Appeals of Texas, San Antonio.
March 31, 1998.
Rehearing Overruled April 23, 1998.
*387 Joel Richardson, San Antonio, for appellant.
Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for appellee.
Before HARDBERGER, C.J., and LÓPEZ and GREEN, JJ.

OPINION
LOPEZ, Justice.
T.A.F. pled true to the State's allegation of engaging in juvenile delinquent behavior by unlawfully carrying a weapon. The juvenile judge accepted T.A.F.'s plea, and then, after considering the State's evidence, determined that T.A.F. engaged in delinquent conduct. Subsequently, the judge committed T.A.F. to the Texas Youth Commission (TYC) for an indeterminate period of time, not to exceed the time when T.A.F. turns twenty-one. On appeal, T.A.F. contends that the trial court abused its discretion by committing him to TYC. Specifically, T.A.F. complains that the trial court's order committing him to TYC is supported only by his prior record. As a result, T.A.F. maintains that the court's order is not supported by the evidence. He further argues that relying on his prior record alone violated his right to due process.
A juvenile judge has broad discretion to determine a suitable disposition for a child who has been adjudicated as having engaged in delinquent conduct. See Matter of A.S., 954 S.W.2d 855, 861 (Tex.App.El Paso 1997, no writ). Absent an abuse of discretion, the reviewing court will not disturb the juvenile court's determination. See Matter of A.S., 954 S.W.2d at 861. The test for abuse of discretion is whether the court acted arbitrarily or unreasonablythat is, without reference to guiding rules and principles. See In the Interest of S.B.C., 952 S.W.2d 15, 17 (Tex.App.San Antonio 1997, no writ). The guiding principles for committing a child to TYC are provided in the *388 Family Code. The court is permitted to commit a child to TYC if: (1) it is in the child's best interests to be placed outside the home, (2) reasonable efforts have been taken to prevent or eliminate the need for the child's removal from home and to make it possible for the child to return to the child's home, and (3) the child cannot receive the quality of care and level of support and supervision the child needs in the child's own home to meet the conditions of probation. See TEX.FAM. CODE ANN. § 54.04(i) (Vernon 1996). Thus we must review the evidence to determine if the trial court acted without regard to these principles.
During the disposition hearing, T.A.F.'s probation officer stated that T.A.F. had a "referral history from Kerr County," and that he had previously been committed to TYC. He further stated that T.A.F. had been released on parole in October, 1996, but reoffended the following June. As a result, T.A.F.'s probation officer recommended that T.A.F. be recommitted to TYC. When questioned about the appropriateness of a suitable placement facility, the probation officer stated that T.A.F. had been placed previously by Kerr County, but that T.A.F. had "run" from one placement facility and was discharged from another one for various rule violations, including sexual assault. As a result of the sexual assault allegation, T.A.F. was charged and committed to TYC in 1994. The State echoed the probation officer's recommendation for TYC. In response, T.A.F.'s attorney stated that T.A.F.'s aunt had provided excellent supervision over T.A.F., but when asked if she had anything she wanted to say, the aunt responded "no." When asked if he had anything that he wanted to say, T.A.F. shook his head "no."
In addition to this testimony, the trial court had the arresting officer's report, to which T.A.F. stipulated as true, before him during the disposition hearing. According to the report, the officer stopped T.A.F. and a companion at 12:15 a.m. because the pair appeared to be under seventeen years of age, and the officer suspected that they were violating curfew. After determining that T.A.F. and his companion were under seventeen, the officer observed the initials "ETG" tattooed on T.A.F.'s hand. The officer recognized these initials as an abbreviation for a gang called "East Terrace Gangsters." At this point, the officer asked the two if they had any weapons. Because T.A.F. was hesitant to answer, the officer frisked T.A.F.. Upon frisking T.A.F., the officer discovered a.22 caliber weapon in the back pocket of T.A.F.'s trousers.
The juvenile judge's consideration of the above evidence is reflected in the order committing T.A.F. to TYC. The order states that commitment is required because "the child needs a highly structured environment with constant supervision and control." This finding reflects a proper consideration of T.A.F.'s past conduct, as well as an evaluation of his potential for rehabilitation without a structured environment. Although T.A.F. complains that consideration of his past record compromised his rights, T.A.F. was represented by counsel and was fully admonished as to the consequences of his plea. The court's finding"that for protection of the public and the child requires that disposition be made"properly considered the need to rehabilitate the child as well as the need to protect the public from a child who commits unlawful acts. See TEX.FAM.CODE ANN. § 51.01 (Vernon 1996) (including protection of the public and the control of unlawful acts by children within purposes of juvenile justice code). Under these circumstances, the court's consideration of T.A.F.'s juvenile record did not deny T.A.F. due process. Because the court's disposition reflects the principles specified in the Family Code and is supported by the evidence, we conclude that the trial court did not abuse its discretion in ordering T.A.F.'s commitment. As a result, we affirm the trial court's order.