TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00072-CV






In the Matter of A. H.






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. C-97-0185-J, HONORABLE DICK ALCALA, JUDGE PRESIDING 







 The State charged that on April 16, 1997 A.H., a juvenile, committed two offenses
of class B misdemeanor criminal mischief. (1) The district court, sitting as a juvenile court,
adjudicated A.H. to have engaged in delinquent conduct by committing two offenses of class B
misdemeanor criminal mischief. The court ordered that A.H. be placed on probation for one
year, subject to extensions not to exceed one year each, until A.H. turns eighteen years old, unless
he is otherwise discharged. In two issues A.H. complains that the juvenile court abused its
discretion when it modified A.H.'s disposition and committed him to the Texas Youth
Commission (TYC). We will affirm the juvenile court's disposition order committing A.H. to
TYC. 

 After A.H. was adjudicated and placed on probation in his mother's custody, the
juvenile court amended its disposition and extended his probation on two different occasions. The
first time the juvenile court placed him outside the home at a boot camp, and the second time,
after he completed the boot camp program, the court allowed him to return home in his mother's
custody. Soon after he returned to his mother's home, A.H. pleaded true to allegations that he
violated his probation conditions by being away from home on three nights and by using
marihuana. This time, after a hearing to modify his disposition, the court committed A.H. to
TYC. 

 In his first issue, A.H. contends that under the recently amended Texas Family
Code section 54.05(f) and the newly enacted 54.05(j), the juvenile court erred as a matter of law
in committing him to TYC. See Tex. Fam. Code Ann. § 54.05(f), (j) (West Supp. 2000). 

 Amended section 54.05(f) provides that a juvenile court may modify a disposition
of probation and commit a child to TYC because the child violated a court-ordered condition of
probation if the original adjudication was a felony offense. See Tex. Fam. Code § 54.05(f). 
Newly enacted section 54.05(j) provides that a juvenile court may modify a disposition of
probation and commit a child to TYC because the child violated a probation provision if the
original adjudication was a misdemeanor only if (1) the child has been adjudicated as having
committed a felony or misdemeanor on a least two previous occasions and (2) of the previous
adjudications, the conduct that was the basis for those adjudications occurred after the date of
another previous adjudication. See Tex. Fam. Code § 54.05(j). 

 A.H. argues that because the juvenile court signed the modification order on
September 20, 1999, the new provisions applied and the court improperly modified his disposition
by committing him to TYC. He contends that under the new provisions of section 54.05 as a
matter of law the juvenile court could not commit him to TYC because he had not been previously
adjudicated to have committed a felony or multiple misdemeanors on different dates. 

 The State responds that although sections 54.05(f) and 54.05(j) became effective
September 1, 1999, they apply only to delinquent conduct that occurs after September 1, 1999.
See Act of May 30, 1999, 76th Leg., R.S., ch.1448, § 3(b), 1999 Tex. Gen. Laws 4920, 4921;
Act of May 27, 1999, 76th Leg., R.S., ch. 1477, § 39(a), 1999 Tex. Gen. Laws 5067, 5090.
Conduct that occurred before September 1, 1999, is covered by the laws relating to adjudication
and disposition in effect at the time the conduct occurred, and the former law is continued in effect
for those purposes including modifications. See id. 

 A.H. was adjudicated for engaging in delinquent conduct that occurred in April
1997. The State alleged that he violated his court-ordered probation on August 1-3, 1999. 
Because the conduct for which he was adjudicated occurred before September 1, 1999 as well as
the probation violations, the former law governs the juvenile court's modification of his
disposition rather than the new provisions. The former law in effect at the time A.H. was
adjudicated provided that a juvenile court may modify a disposition and commit a child to TYC
(1) if the original disposition was based on a finding that a child engaged in any type of delinquent
conduct, and (2) if the juvenile court finds by a preponderance of the evidence that the child
violated a court-order. See Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 42, 1995 Tex. Gen.
Laws 2517, 2540 (formerly Tex. Fam. Code Ann. § 54.05(f)). The former law did not include
a provision, as the new sections 54.05(f) and 54.05(j) do, that the juvenile must have previously
committed a felony or multiple misdemeanor offenses before a disposition may be modified to
commit a child to TYC. 

 Because A.H. committed the offenses and violated his disposition order before the
effective dates for the newly amended section 54.05(f) and the newly enacted section 54.05(j), we
hold that these new provisions do not apply to the juvenile court's modification of A.H.'s
disposition. We overrule A.H.'s first issue.

 Alternatively, in his second issue, A.H. contends that the juvenile court abused its
discretion by committing him to TYC because, based on the evidence, an opportunity for
rehabilitation existed that was less severe than sending him to TYC. Rick Adney, A.H.'s former
step-father, testified at the modification hearing that he was willing to take responsibility for A.H.
and to have A.H. reside with him. A.H. contends that instead of committing him to TYC the
juvenile court should have modified his disposition to send him to live with Adney. 

 Juvenile courts are granted broad discretion to determine a suitable disposition for
a child adjudicated delinquent. See In re J.R., 907 S.W.2d 107, 110 (Tex. App.--Austin 1995,
no writ). A juvenile court abuses its discretion when it acts arbitrarily, unreasonably or without
reference to guiding rules and principles. See In re T.A.F., 977 S.W.2d 386, 387 (Tex. App.--San
Antonio 1998, no pet.). 

 At the modification hearing Rick Adney testified that he wanted the court to
continue A.H.'s probation and asked the juvenile court to place A.H. in his custody. He stated
that he was a strict disciplinarian and that he was willing and able to properly supervise A.H. He
explained that he worked away from the home from 6:00 a.m. until 3:00 p.m. which would allow
him to supervise A.H. better than his mother.

 A.H.'s juvenile court history shows that many reasonable efforts have been made
to allow him to live at home but that he continues to violate his probation orders. The court's
summary reflects that A.H.'s delinquent conduct referrals began in April 1995 when he received
a supervisory caution for burglary of a coin-operated machine. In May 1995, he was placed on
deferred prosecution, an informal type of pre-adjudication home probation, for a class A assault.
While serving on deferred, he received a supervisory caution in July 1995 for a class B
misdemeanor criminal mischief offense. In July 1996, he was again placed on deferred
prosecution for criminal trespass. In August 1996, he received another supervisory caution for
another class B criminal mischief referral. Finally, in September 1997, he was adjudicated for
the offense of class B criminal mischief and placed on court-ordered probation in his mother's
custody for one year. Before he completed the one-year probation, in August 1998 the district
attorney moved to modify his disposition because A.H. violated his probation conditions by
committing the misdemeanor offense of evading detention. Additionally, in October 1998 a class
B misdemeanor criminal mischief and class A assault were consolidated with the State's motion
to modify his disposition. Before the case was heard, A.H. voluntarily agreed to extend his
probation another year and to participate in the Hemphill County Juvenile Boot Camp. At that
time the juvenile court specifically found that placement outside of the home was in A.H.'s best
interest and that reasonable efforts had been made to prevent the need for removal from the child's
home. On April 5, 1999, after successfully completing the boot camp program, appellant
voluntarily amended his probation to allow him to return to his mother's home and participate in
the Probation Community Control Program which is the Tom Green County Juvenile Probation
Department's strictest form of home probation. On June 30, 1999, after probation officers found
evidence of marihuana use during a routine urinalysis, A.H. was required to wear an electronic
ankle monitor to record any unauthorized journeys from his mother's house. On August 1, 1999,
A.H. cut off the ankle monitor and left the county. 

 The juvenile court has been supervising A.H. since 1995. Although the juvenile
court once placed A.H. outside the home at a boot camp, the court has attempted several times
to allow A.H. to remain in the community. A.H. had been placed on deferred prosecution,
regular probation, and electronic monitoring. Each time A.H. violated the conditions of his
probation. Given A.H.'s history of failing to comply with his probation conditions, we hold that
the trial court did not act arbitrarily or unreasonably in modifying A.H.'s disposition to commit
him to TYC. While less severe measures than committing A.H. to TYC were once again
available to the juvenile court, we conclude that A.H. has not shown that the juvenile court abused
its discretion in modifying his disposition to send him to TYC. We overrule A.H.'s second issue. 


 We affirm the juvenile court's modification of A.H.'s disposition. 



 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: June 15, 2000

Do Not Publish
1.   The version of the criminal mischief statute that applies to this offense may be found at Act
of May 26, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3628. The
current version of this offense is located at Tex. Penal Code Ann. § 38.03(b)(2) (West Supp.
2000). 



 him. A.H. contends that instead of committing him to TYC the
juvenile court should have modified his disposition to send him to live with Adney. 

 Juvenile courts are granted broad discretion to determine a suitable disposition for
a child adjudicated delinquent. See In re J.R., 907 S.W.2d 107, 110 (Tex. App.--Austin 1995,
no writ). A juvenile court abuses its discretion when it acts arbitrarily, unreasonably or without
reference to guiding rules and principles. See In re T.A.F., 977 S.W.2d 386, 387 (Tex. App.--San
Antonio 1998, no pet.). 

 At the modification hearing Rick Adney testified that he wanted the court to
continue A.H.'s probation and asked the juvenile court to place A.H. in his custody. He stated
that he was a strict disciplinarian and that he was willing and able to properly supervise A.H. He
explained that he worked away from the home from 6:00 a.m. until 3:00 p.m. which would allow
him to supervise A.H. better than his mother.

 A.H.'s juvenile court history shows that many reasonable efforts have been made
to allow him to live at home but that he continues to violate his probation orders. The court's
summary reflects that A.H.'s delinquent conduct referrals began in April 1995 when he received
a supervisory caution for burglary of a coin-operated machine. In May 1995, he was placed on
deferred prosecution, an informal type of pre-adjudication home probation, for a class A assault.
While serving on deferred, he received a supervisory caution in July 1995 for a class B
misdemeanor criminal mischief offense. In July 1996, he was again placed on deferred
prosecution for criminal trespass. In August 1996, he received another supervisory caution for
another class B criminal mischief referral. Finally, in September 1997, he was adjudicated for
the offense of class B criminal mischief and placed on court-ordered probation in his mother's
custody for one year. Before he completed the one-year probation, in August 1998 the district
attorney moved to modify his disposition because A.H. violated his probation conditions by
committing the misdemeanor offense of evading detention. Additionally, in October 1998 a class
B misdemeanor criminal mischief and class A assault were consolidated with the State's motion
to modify his disposition. Before the case was heard, A.H. voluntarily agreed to extend his
probation another year and to participate in the Hemphill County Juvenile Boot Camp. At that
time the juvenile court specifically found that placement outside of the home was in A.H.'s best
interest and that reasonable efforts had been made to prevent the need for removal from the child's
home. On April 5, 1999, after successfully completing the boot camp program, appellant
voluntarily amended his probation to allow him to return to his mother's home and participate in
the Probation Community Control Program which is the Tom Green County Juvenile Probation
Department's strictest form of home probation. On June 30, 1999, after probation officers found
evidence of marihuana use during a routine urinalysis, A.H. was required to wear an electronic
ankle monitor to