In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00049-CV


______________________________




LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant



V.



SONNIE MADERE, Appellee




 


On Appeal from the 55th Judicial District Court


Harris County, Texas


Trial Court No. 2000-02666




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Lumbermens Mutual Casualty Company has filed a motion to dismiss its appeal. The motion
states Lumbermens no longer wishes to pursue its appeal of the trial court's judgment. "In
accordance with a motion of appellant, the court may dismiss the appeal or affirm the appealed
judgment or order unless disposition would prevent a party from seeking relief to which it would
otherwise be entitled." Tex. R. App. P. 42.1(a). Lumbermens' motion affirmatively states dismissal
of its appeal will not prevent any other party from seeking any relief to which it may be otherwise
entitled. Accordingly, we grant Lumbermens' motion to dismiss.

 We dismiss the appeal.



 Jack Carter

 Justice



Date Submitted: July 14, 2003

Date Decided: July 15, 2003



ssist in getting A.E.E. to leave with her father. Because A.E.E.
refused to cooperate and used force against the officers to keep from going with her father,
she was arrested and charged with delinquent conduct. 

 During the juvenile proceedings, A.E.E. offered testimony that her home
environment with Emmons was not emotionally supportive. She testified she did not feel
Emmons encouraged her with her schoolwork. She also complained about her household
chores and about having to assist Emmons in his fence-building business after school and
on weekends. A.E.E. testified that her father did not take her to the dentist when she had
cavities and that, in her opinion, he did not take her to the doctor soon enough when she
was experiencing pain with a condition that eventually required surgery. 

 A.E.E. pled true to the charge against her in juvenile court and was adjudicated a
child who had engaged in delinquent behavior. She was placed on probation until age
eighteen and ordered to attend counseling. As a condition of probation, A.E.E. was
ordered to live with her mother's sister. Emmons appeals the court's decision to remove
A.E.E. from his home.

 We first address the question of Emmons' standing to bring this appeal. The State
did not initially raise this issue, but an appellate court can question, on its own motion, the
standing of a party to appeal from a juvenile court's order. See In re P.C., 970 S.W.2d
576, 577 (Tex. App.-Dallas 1998, no pet.). In a presubmission order, we requested the
parties to address this issue.

 Tex. Fam. Code Ann. § 56.01 (Vernon 2002) (1) controls the right to appeal an order
from a juvenile court. Accordingly, an appeal may be taken by or on behalf of a child from
an order disposing of the case entered under Section 54.04, unless Section 56.01(n)
applies. Tex. Fam. Code Ann. § 56.01(c)(1)(B). Section 56.01(n) provides as follows:

 (n) A child who enters a plea or agrees to a stipulation of evidence in a
proceeding held under this title may not appeal an order of the juvenile court
entered under . . . Section 54.04 . . . if the court makes a disposition in
accordance with the agreement between the state and the child regarding
the disposition of the case, unless: 


 (1) the court gives the child permission to appeal; or 


 (2) the appeal is based on a matter raised by written motion
filed before the proceeding in which the child entered the plea or
agreed to the stipulation of evidence.

 

 The disposition in this juvenile proceeding was under Section 54.04, and that
disposition was pursuant to an agreement between the State and the child. The
agreement was that, if A.E.E. pled true to the charge, she would be placed on probation
and, as a condition of that probation, she would be placed in the home of her maternal
aunt. Because the juvenile court disposed of the case in accordance with this agreement,
Section 56.01(n) is applicable. Further, the court did not give the child permission to
appeal and this appeal is not based on a matter raised by written motion filed before the
proceeding. It is clear A.E.E. could not appeal from this juvenile proceeding. The issue
then is whether Emmons has standing to appeal the disposition of his child under these
circumstances. 

 Tex. Fam. Code Ann. § 56.01(c)(1) provides that an appeal may be brought "by or
on behalf of a child." However, Emmons is attempting to assert his parental rights through
this appeal. Nowhere does he claim to be appealing on behalf of A.E.E. 

 The State, in its supplemental brief, stated it found no Texas case on point for this
issue. However, the State cited two cases from other jurisdictions. In Arizona, a mother
had standing to appeal the restitution order of a juvenile disposition because the mother
was required by Arizona law to pay the restitution. The court held that, even though the
only named parties to the action were the state and the juvenile, the mother was also an
aggrieved party who had standing because the order from the juvenile proceeding was
imposed on the mother. In re Kory L., 979 P.2d 543, 545 (Ariz. Ct. App. 1999). In
California, a mother did not have standing to bring an appeal when the juvenile court
placed her son on probation in her home. In re Almalik S., 68 Cal. App. 4th 851, 854 (Cal.
Ct. App. 1998). Under a previous statute, California courts had allowed parents to appeal
from juvenile orders; however, the court concluded in Almalik S. that a newly-enacted
statute no longer granted parental standing to appeal because the statute stated a
judgment may be appealed "by the minor." Id. 

 By using the language "by or on behalf of a child" in Section 56.01, the Texas
Legislature has also limited those who may appeal from a juvenile proceeding. By the
plain wording of the statute, the child has the right to appeal and the right of anyone else
to appeal is derivative from the child's right, because such appeal must be on the child's
behalf. 

 Emmons contends that he participated in this proceeding as the guardian of A.E.E.
and that he has standing to bring this appeal in that capacity. However, the statute only
authorizes an appeal "by or on behalf of a child," and in this case, the child does not have
a right to appeal. See Tex. Fam. Code Ann. § 56.01(c)(1). Because Emmons' right to
appeal, as guardian or in any other capacity, derives from A.E.E.'s right, neither does he
have a right to appeal. Therefore, this Court lacks jurisdiction over this appeal. But, even
if Emmons did have standing, we would affirm the trial court's judgment. 

 In his first point of error, Emmons contends the State presented no evidence to
satisfy the statutory requirements of Tex. Fam. Code Ann. § 54.04(i), which provides as
follows: If the court places the child on probation outside the child's home . . .
the court:


 (1) shall include in its order its determination that: 


 (A) it is in the child's best interests to be placed outside the
child's home; 


 (B) reasonable efforts were made to prevent or eliminate
the need for the child's removal from the home and to make it
possible for the child to return to the child's home; and 


 (C) the child, in the child's home, cannot be provided the
quality of care and level of support and supervision that the child
needs to meet the conditions of probation; . . . .


 When deciding a no-evidence point, we must consider all of the evidence in the
record in the light most favorable to the party in whose favor the verdict has been rendered,
and we must apply every reasonable inference that could be made from the evidence in
that party's favor. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).
In this review, we disregard all evidence and inferences to the contrary. Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995); Best v. Ryan Auto Group, Inc.,
786 S.W.2d 670, 671 (Tex. 1990). A no-evidence point will be sustained when (a) there
is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or
of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the
evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence
conclusively establishes the opposite of the vital fact. Uniroyal Goodrich Tire Co. v.
Martinez, 977 S.W.2d 328, 334 (Tex. 1998). More than a scintilla of evidence exists when
the evidence supporting the finding, as a whole, rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions. Crye, 907 S.W.2d at 499.

 To support the trial court's judgment, we must find, under the statute quoted above,
evidence of the following: that it is in the child's best interests to be placed outside the
child's home; that reasonable efforts were made to prevent or eliminate the need for the
child's removal from the home and to make it possible for the child to return to the child's
home; and that the child, in the child's home, cannot be provided the quality of care and
level of support and supervision that the child needs to meet the conditions of probation. 

 The record contains home evaluation reports compiled by the juvenile probation
office. The probation officer noted that Emmons works most days, including weekends. 
Additionally, these reports made the recommendation that A.E.E. be placed with her aunt,
considering "[s]he would likely run away from home again if she were to be placed with her
father which would appear to pose a risk to her safety and well-being." 

 The trial court ordered A.E.E. to attend counseling during the approximate
one-month period of time between the preliminary hearing and the adjudication and
disposition hearings. The person who counseled A.E.E. testified, "If the decision is made
that she [A.E.E.] lives with her dad, I'm afraid she may make some irrational decisions." 
When asked to explain what he meant by "irrational decisions," the counselor replied,
"Harming herself. Potential maybe for harming her dad. Potential for running away. That
puts her at another risk." 

 The home study evaluations and the counselor's testimony constitute some
evidence supporting the trial court's judgment that it is in A.E.E.'s best interests to be
placed outside Emmons' home.

 Section 54.04(i) also requires reasonable efforts to eliminate the need for removal
of the child from the child's home and to make it possible for the child to return to the
child's home. As noted above, the trial court ordered A.E.E. to attend counseling for
approximately one month. The court later found that both the father and the child resisted
participation in counseling. Emmons contends there is no basis in the record for this
finding. However, the counselor testified the family failed to come in for follow-up
counseling. He further stated, "[N]obody had any valid reason for why she [A.E.E.] did not
come in and see me for follow-up." The counselor later talked about a lack of information
because of "noncompliance with getting the family in individual counseling, . . . ." This
testimony is more than a scintilla of evidence supporting the trial court's finding that
reasonable efforts were made to prevent removal of A.E.E. from Emmons' home and to
make it possible for the child to return to that home. 

 Section 54.04(i) requires a showing that the child, in the child's home, cannot be
provided the quality of care and level of support and supervision the child needs to meet
the conditions of probation. The trial court entered findings that the father's limited insight
into his daughter's emotional problems would prevent him from providing the quality of care
and level of support and supervision the child needs to meet the conditions of probation. 
A.E.E.'s testimony about Emmons' lack of interest in her schoolwork and his
inattentiveness to her medical needs, as well as her testimony that she would run away
again if required to return to Emmons' home, support the trial court's findings. The home
study evaluations stating the amount of time Emmons spends at work, including weekends,
also support the trial court's findings, as does the counselor's testimony related above. 

 Considering all of the evidence in the light most favorable to the trial court's
decision, and disregarding all evidence and inferences to the contrary, we hold there is
more than a scintilla of evidence to support the trial court's finding that Section 54.04(i) had
been satisfied. 

 As his second point of error, Emmons contends the trial court's decision to remove
A.E.E. from his home is an unconstitutional infringement on his fundamental right as a
parent to make decisions as to care, custody, and control of his child, in violation of the
Fourth Amendment to the United States Constitution. Because he alleges the court's
decision affected a fundamental right, Emmons contends that the proof adduced and the
court's decision should be strictly scrutinized by this Court and that the State's burden of
proof in this case should be proven by clear and convincing evidence. He reiterates his
contention there is very little in the record for the trial court to find that the requisites of
Section 54.04(i) have been met. 

 Nonetheless, the focus of the trial court's proceedings was the delinquent behavior
of A.E.E., not the parental rights or capabilities of Emmons. Emmons has not had his
parental rights terminated. In fact, he still has visitation rights. Because A.E.E. has been
adjudicated as a child who has engaged in delinquent behavior, she is now ultimately
under the court's supervision which, admittedly, usurps some of Emmons' authority over
his child. However, when any child is adjudicated delinquent, the parent of that child loses
some of his or her control over the child to the courts. 

 When a child has been adjudicated to have engaged in delinquent conduct, the trial
court has broad discretion to determine a suitable disposition of the child. In re T.A.F., 977
S.W.2d 386, 387 (Tex. App.-San Antonio 1998, no pet.); In re A.S., 954 S.W.2d 855, 861
(Tex. App.-El Paso 1997, no pet.). Absent an abuse of discretion, we will not disturb the
juvenile court's findings. A.S., 954 S.W.2d at 861. Under an abuse of discretion standard,
legal and factual insufficiency are relevant factors in assessing whether the trial court
abused its discretion. In re J.S., 993 S.W.2d 370, 372 (Tex. App.-San Antonio 1999, no
pet.); Doyle v. Doyle, 955 S.W.2d 478, 479 (Tex. App.-Austin 1997, no pet.). In reviewing
the factual sufficiency of the evidence, we consider and weigh all the evidence in the case,
and set aside the judgment and remand for a new trial only where we conclude the finding
is so against the great weight and preponderance of the evidence as to be manifestly
unjust. J.S., 993 S.W.2d at 372; In re K.L.C., 972 S.W.2d 203, 206 (Tex. App.-Beaumont
1998, no pet.). An abuse of discretion occurs when the trial court's actions are arbitrary
and unreasonable and without reference to any guiding rules or principles of law. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 

 Although Section 54.04 clearly makes it preferable for a child who is given probation
to remain in the child's home, there are also provisions for a child placed on probation to
be removed from the home, namely Section 54.04(i). The trial court followed Section
54.04(i) in determining A.E.E. should be removed from Emmons' home. Because the trial
court followed these guidelines, and because the court's findings are not so against the
great weight and preponderance of the evidence, it was not an abuse of discretion to
remove A.E.E. from her home and place her with her aunt.

 Emmons contends in his third point of error the trial court erred in not specifically
stating in the order its reasons for the disposition, as required by Tex. Fam. Code Ann.
§ 54.04(f). (2) This appeal was abated, and the trial court was ordered to enter an order in
compliance with Section 54.04(f). We have received such as a supplemental clerk's
record. However, Emmons contends in his supplemental brief the new order does not
state factual findings, and the rationale underlying those findings, which would justify
removal of a child from the custody of the child's parent. 

 One of the many reasons underlying the Section 54.04(f) requirement that the trial
court specifically state its reasons for the disposition ordered is that it furnishes a basis for
the appellate court to determine whether the reasons recited are supported by the
evidence and whether they are sufficient to justify the order of disposition. In re L.G., 728
S.W.2d 939, 944-45 (Tex. App.-Austin 1987, writ ref'd n.r.e.). 


 In the new disposition order, the trial court made the following findings:


 1. The child engaged in conduct that involved the use of force to resist
the efforts of a law enforcement officer who was attempting to lawfully detain
her;


 2. The child engaged in conduct indicating she is emotionally or
psychologically unstable; she has run away from home, forcefully resisted a
peace officer who was attempting to detain her, threatened to commit suicide
and chosen incarceration over return to her father's home;


 3. The child was not raised by her father and lacks an emotional bond
with him; she states she will not stay with her father, she will continue to run
away and would prefer to be incarcerated;


 4. Both the father and child could use psychological counseling to
improve their parent child relationship;


 5. Both the father and child were offered psychological counseling to
improve their parent child relationship;


 6. Both the father and child demonstrated to this court a resistance to
participate in such counseling;


 7. The father's limited insight into his daughter's emotional problems
prevents him from providing the quality of care and level of support and
supervision the child needs to meet the conditions of probation;


 8. The child's father has demonstrated a present inability to adequately
supervise the child, to prevent her from absconding or from causing harm to
herself and others;


 9. The present situation between the father and child makes placement
of the child in the home contrary to the child's welfare;


 10. It is in the child's best interest to be placed outside the child's home;
and


 11. Reasonable efforts have been made to prevent or eliminate the need
for the child's removal from the home and to make it possible for the child to
return home. 


 Emmons contends the above findings are only "boilerplate" language and are not
specific to the court's factual basis for its decision. However, we find that the trial court has
sufficiently stated its reasons for its disposition and that those findings are sufficiently
supported by the record. 


 Because Emmons lacked standing to bring this appeal, we dismiss for want of
jurisdiction. But even if he had standing, we would find against him and affirm the
judgment.



 Donald R. Ross

 Justice


Date Submitted: October 1, 2002

Date Decided: October 17, 2002


Publish

1. Tex. Fam. Code Ann. § 56.01 (Vernon 2002) provides in part as follows:


 (c) An appeal may be taken:


 (1) except as provided by Subsection (n), by or on behalf of a
child from an order entered under:


 (A) Section 54.03 with regard to delinquent conduct or
conduct indicating a need for supervision;


 (B) Section 54.04 disposing of the case;


 (C) Section 54.05 respecting modification of a previous
juvenile court disposition; or


 (D) Chapter 55 by a juvenile court committing a child to
a facility for the mentally ill or mentally retarded; . . . .
2. Tex. Fam. Code Ann. § 54.04(f) (Vernon 2002) states: "The court shall state
specifically in the order its reasons for the disposition and shall furnish a copy of the order
to the child. If the child is placed on probation, the terms of probation shall be written in
the order."