NO. 07-02-0227-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 20, 2003

_____

IN RE P.Z.

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-759,885; HONORABLE MARK HALL, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

This is an appeal pursuant to Texas Family Code § 56.01(c)(1)(C) from a district court order finding appellant-child violated terms of probation and committing him to the care, custody and control of the Texas Youth Commission.[1] We affirm the court's order.

On March 12, 2002, appellant was placed on Intensive Supervision Probation following the trial court's finding that he engaged in delinquent conduct, specifically, burglary of a habitation, theft of a firearm, and theft. On April 5, 2002, the State filed an

_____

[1]Tex. Fam. Code Ann. § 56.01(c)(1)(C) (Vernon 2002).

application to modify appellant's probation. The State alleged that the child violated the terms and conditions of his probation by (1) failing to obtain permission to travel outside Lubbock County, (2) failing to attend school each and every day it was in session, and (3) failing to cooperate fully with the Juvenile Probation Office by planning to abscond or be removed from the jurisdiction of the court. Appellant was then 14 years of age.

Appellant entered a plea of not true to the allegations, and a contested modification hearing was held. Following the hearing, the trial court found that appellant had failed to obtain permission to travel outside Lubbock County, and failed to attend school as required. The court found there was insufficient evidence to prove he was planning to abscond or be removed from the jurisdiction of the court. After hearing additional evidence from appellant's probation officer and mother, the court committed him to the Texas Youth Commission.

Appellant's first issue challenges the factual sufficiency of the evidence to support the finding that he violated the terms of his juvenile probation. He asserts the defense of duress, Tex. Pen. Code Ann. § 8.05 (Vernon 2003), arguing that there was insufficient evidence to prove he acted "willfully." Appellant's second issue contends the trial court denied him due process of law by revoking his probation without evidence of free will in his actions. We consider the issues together.

The juvenile court possesses broad discretion in determining a suitable disposition for a child who has been adjudicated delinquent. *In re J.D.P.*, 85 S.W.3d 420, 426 (Tex.App.–Fort Worth 2002, no pet.). This is especially so regarding hearings to modify

2

disposition. *In re J.M.*, 25 S.W.3d 364, 367 (Tex.App.–Fort Worth 2000, no pet.). Absent an abuse of discretion, a juvenile court's findings will not be disturbed. *In re M.S.*, 940 S.W.2d 789, 791 (Tex.App.–Austin 1997, no writ); *see also J.D.P.*, 85 S.W.3d at 426. A juvenile court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *In the Matter of T.A.F.*, 977 S.W.2d 386, 387 (Tex.App.–San Antonio 1998, no pet.). We review the entire record to determine if the trial court acted without reference to any guiding rules or principles. *In re J.R.W.*, 879 S.W.2d 254, 257 (Tex.App.–Dallas 1994, no writ).

A factual sufficiency point requires examination of all of the evidence to determine whether the finding in question is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *In re King's Estate*, 150 Tex. 662, 664-65, 244 S.W.2d 660, 661 (1951); *Lindsey v. Lindsey*, 965 S.W.2d 589, 591 (Tex.App.–El Paso 1998, no pet.). We may not pass upon the credibility of witnesses, nor will we substitute our judgment for that of the court, even if the evidence would clearly support a different result. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998).

Texas Family Code § 54.05(f) requires the court to find, by a preponderance of the evidence, that a child violated a reasonable and lawful order of the court in order to modify a disposition and commit the child to the Texas Youth Commission. The terms and conditions of probation contained in the order placing the appellant on intensive supervision probation included, in part, the following:

2.  Probationer shall not travel outside Lubbock County unless permission has first been obtained from and granted by the Juvenile Probation Office.

7.  Probationer shall attend school (whether public, private, or vocational) each and every day it is in session. Probationer shall abide by all the rules and regulations of the school.  Probationer shall be regular in attendance, diligent in studies, and punctual in reporting for classes. Should probationer be excused from attending school pursuant to the Texas Education Code, probationer shall be gainfully employed on a full time basis.

Appellant does not argue that the cited terms were not reasonable or lawful. Nor does he deny that the violations of the terms occurred. Appellant contends, though, that there was factually insufficient evidence to support the court's failure to find that any actions he took in violation of those terms were committed under duress. The contention is based on the testimony that his mother kept him home from school, reportedly for an earache, and then later that same day attempted to put him on a bus to Fresno, California. Appellant alleges that he neither made the decision nor took any action to violate probation, except in submitting to his parents' instructions.

Appellant accurately notes the penal law's definition of duress in non-felony cases requires the actor to show he engaged in the proscribed conduct because he was compelled to do so by force or threat of force. Tex. Penal Code § 8.05(b). Appellant's mother testified that she and his father decided appellant should leave Lubbock for California, and that appellant had nothing to say about that decision. She testified further that her son's violations of the court's orders were her fault and not her son's. Evidence also showed that his parents bought appellant's bus ticket and drove him to the bus station. His mother, not appellant, called the school to report that appellant would not be

4

attending that day. Appellant's mother, though, also testified that appellant was not threatened, forced or put under any duress to accede to the parents' plan.

Appellant further argues that his relationship with and dependence on his parents rendered him unable to disobey their wishes and that he was thus forced to take the actions that violated the court's orders. In making this argument, though, appellant candidly points out that taking orders from another ordinarily is not sufficient to raise the defense of duress. *Cameron v. State*, 925 S.W. 2d 246, 250 (Tex.App.–El Paso 1995, no pet.).

Appellant next posits that his violation of the court's order must be shown to have been "willful" to authorize the modification of his disposition. He cites general propositions of criminal law requiring proof of both a criminal act and a culpable mental state to justify impositions of criminal penalties. *See, e.g.*, Tex. Penal Code §§ 6.01, 6.02.[2] As appellant concedes, though, even the criminal law does not generally impose such a requirement on the State. Penal Code § 6.01, containing the requirement that an act be voluntary to constitute a criminal offense, does not include the concept of free will. *Alford v. State*, 866 S.W. 2d 619, 622 (Tex.Crim.App. 1993). We decline to apply such a concept in the context of juvenile proceedings.

Lastly, appellant contends that his due process rights under the Fourteenth Amendment to the U. S. Constitution and his rights under the due course of law provisions

---

[2]Appellant also cites *Stanfield v. State*, 718 S.W. 2d 734 (Tex.Crim.App. 1986), *Franco v. State*, 552 S.W. 2d 142 (Tex.Crim.App. 1977) and *Pierce v. State*, 67 S.W. 3d 374 (Tex.App.–Waco 2001, pet. ref'd). We cannot agree that those cases stand for the proposition that a modification of juvenile disposition under Family Code § 54.05(f) requires a finding that the child's violation was willful.

5

of article 1, section 19 of the Texas Constitution are violated if Texas law permits his commitment to the Texas Youth Commission for doing nothing but obeying his parents. Appellant cites U. S. Supreme Court cases holding that juvenile proceedings must adhere to a standard of fundamental fairness, but he does not explain how that standard is violated by our state's laws that do not require proof of his "willful" violation of the terms of probation. He cites no authority suggesting that such a requirement, generally absent from the criminal law, is constitutionally required in juvenile proceedings.

Moreover, even if we were to find that such a requirement exists, either statutorily or constitutionally, we would be unable to sustain appellant's argument. There is factually sufficient evidence from which the court could have concluded that appellant's "free will" coincided with that of his parents and that the violations therefore involved the exercise of his free will. Appellant was more than a passive character in the events. Appellant had the opportunity to inform his probation officer of his parents' intent to remove him from school and move him to California. When the child did not report to school on March 21, 2002, he was directly confronted at home by his probation officer. Appellant then could have informed his probation officer of his parents' plans. Instead, he lied to the officer. Appellant was present when his parents were instructed by the probation officer that appellant was not to leave Lubbock County without permission from the probation office. A short time later that day, appellant and his parents were discovered at the local bus terminal in possession of bus tickets to California.

Further, the record shows that the court considered, pursuant to Family Code § 54.05(e), a report prepared by appellant's probation officer. The report included

6

appellant's school records and records from the detention center where he was held prior to the modification hearing. The school records indicate appellant had assaulted another student, disrupted classes, verbally defied teachers, challenged his instructors' authority, failed to follow orders, and repeatedly used profanity when addressing his teachers. Records from his detention at the Lubbock County Juvenile Justice Center state he was defiant and refused to follow rules and instructions of the staff. The evidence is sufficient for the court to have found that a fourteen-year-old who openly defied school and juvenile facility staff was not likely to submit to any authority, including his parents', unless it was of his own free will.

The court's findings that appellant violated conditions of his probation, and that the violations were not the result of duress, are not so against the great weight and preponderance of the evidence as to be clearly wrong or manifestly unjust. If, as appellant contends, it was necessary that those violations result from willful conduct on his part, the evidence is factually sufficient to support that finding as well. Appellant's issues are overruled.[3]

Appellant was on probation based on a prior finding of delinquent conduct that involved the commission of two felonies and a misdemeanor. The court's order committing appellant to the Texas Youth Commission included the findings required by Texas Family

---

[3]Our discussion should not be taken to indicate that a trial court could not find a violation of the conditions of a juvenile's probation based on the actions of a parent. The legislature has declared that the public purposes of the juvenile justice system include the provision of "treatment, training, and rehabilitation that emphasizes the accountability and responsibility of both the parent and the child for the child's conduct." Tex. Fam. Code Ann. § 51.01(2)(C). This case, though, does not present that question.

Code § 54.05(f). The court found that the child was in need of structured care and supervision unavailable within his home. Appellant had been counseled by the court and his probation officer regarding the seriousness of his offenses, and the strict requirements of intensive supervision probation. The court's modification of its disposition of appellant was not an abuse of its discretion. The order of the trial court is affirmed.


James T. Campbell
Justice