# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00370-CV

## In the Matter of J.C.

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. J-21,313, HONORABLE ALLISON BENESCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

J.C. appeals the district court's order modifying the disposition of his probation. In a single point of error, he contends that the evidence was insufficient to support the order. We affirm the district court's order.

On September 12, 2003, J.C. was adjudicated delinquent and placed on probation until June 12, 2004. On May 18, 2004, the State filed a motion to modify the disposition, alleging that J.C. had violated a condition of his probation that required him to be at home every day between 7:00 p.m. and 6:00 a.m. At the hearing, J.C. admitted that on September 12, 2003, the court found that he engaged in delinquent conduct and placed him on probation. He further admitted that he violated one of the rules of his probation by running away from home.

The record contains a probation officer's report listing the offenses that J.C. committed, the date of each offense, the disposition of each offense, and the date of each disposition. Specifically, the report includes an offense of assault on a public servant committed on April 2, 2003, for which J.C. was placed on probation. The trial court read the probation officer's report without objection. The court granted the modification and committed J.C. to the Texas Youth

Commission. Based on the court's review, J.C. appeals, arguing that the evidence was insufficient to support the modification order.

In his sole point of error, J.C. argues that the evidence is insufficient because the record does not contain any evidence showing that the conduct underlying his prior adjudication was a felony, as required to support his commitment to the Texas Youth Commission. *See* Tex. Fam. Code Ann. § 54.05(f) (West Supp. 2004-05). Thus, he urges that the evidence is insufficient to show that his commitment was appropriate.

A juvenile court's findings regarding disposition will not be disturbed absent an abuse of discretion. *In re T.A.F.*, 977 S.W.2d 386, 387 (Tex. App.—San Antonio 1998, no pet.). The test for abuse of discretion is whether the court acted arbitrarily or unreasonably—that is, without reference to guiding rules and principles. *Id.* A juvenile court has broad discretion in determining a suitable disposition for a juvenile who has been adjudged to have engaged in delinquent conduct. *In re A.I.*, 82 S.W.3d 377, 379 (Tex. App.—Austin 2002, pet. denied). We review the legal and factual sufficiency of the evidence under the criminal standard of review, viewing the evidence in the light most favorable to the finding and determining whether any rational trier of fact could have found the required elements proven beyond a reasonable doubt. *In re C.C.*, 13 S.W.3d 854, 858 (Tex. App.—Austin 2000, no pet.). In reviewing factual sufficiency, we consider and weigh all of the evidence and set aside the disposition order only if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.* at 859.

A juvenile court may modify a disposition so as to commit a juvenile to the Texas Youth Commission if it is based on a finding that the juvenile engaged in delinquent conduct of a felony grade and if the court finds by a preponderance of the evidence that the juvenile violated a lawful and reasonable order of the court. Tex. Fam. Code Ann. § 54.05(f). The trial court may

2

consider written reports from probation officers as well as other witnesses at the hearing to modify disposition. *Id*. § 54.05(e).

At the modification hearing, J.C. admitted that he was found to have engaged in delinquent conduct on September 12, 2003, for which he was placed on probation. The record also contains the report that was entered into evidence by the probation officer without objection. The report shows that J.C. received probation for his April 2, 2003, assault on a public servant. Assault on a public servant is a third-degree felony. Tex. Pen. Code Ann. § 22.01(a), (b) (West 2003). Given the court report and J.C.'s admissions, the court properly concluded that the delinquent conduct for which J.C. received probation was the assault on a public servant, a felony offense. We find that sufficient evidence supports the court's conclusion that J.C. was found to have committed a felony offense. Therefore, we cannot conclude that the court abused its discretion in committing J.C. to the Texas Youth Commission. We overrule J.C.'s point of error.

## CONCLUSION

We affirm the trial court's order modifying J.C.'s disposition and committing him to the Texas Youth Commission.

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   June 15, 2005