Opinion issued June 15, 2006
















Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00116-CV
 __________
 
IN THE MATTER OF J.E.Z. Appellant
 

 
 
On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2004-03472J
 

 
 
MEMORANDUM OPINION
          A jury found that appellant, J.E.Z., engaged in delinquent conduct, namely,
class A misdemeanor assault. The trial court initially placed him on nine months
probation and placed him in his mother’s custody. Four days later, the trial court
modified this disposition to require appellant to serve 30 days in boot camp and
ordered him into the custody of a probation officer. In four related points of error,
appellant contends that (1) the evidence was legally and factually insufficient to
support a finding that appellant be placed outside the home, (2) the trial court abused
its discretion in modifying the disposition of the case, and (3) the trial court failed to
“follow the law regarding dispositions that remove a child from the home.” We
affirm.          
Background
          On March 31, 2004, two teenage females got into a fight after getting off of
their school bus. During the fight, 13-year-old F.V. got on top of 15-year-old C.R., 
appellant’s friend. Appellant pulled F.V.’s hair, punched her eye, and kicked her in
the back. F.V. was taken to the hospital by ambulance, and she missed two days of
school. 
Placement Outside the Home
          In four related points of error, appellant contends that (1) the evidence was
legally and factually insufficient to support a finding that appellant be placed outside
the home, (2) the trial court abused its discretion in modifying the disposition of the
case, and (3) the trial court failed to “follow the law regarding dispositions that
remove a child from the home.”
Family Code section 54.04(i) states: 
If the court places the child on probation outside the child’s home or
commits the child to the Texas Youth Commission, the court: 
 
          (1)     shall include in its order its determination that: 
 
                    (A)it is in the child’s best interests to be placed outside
the child’s home; 
 
                    (B)reasonable efforts were made to prevent or eliminate
the need for the child’s removal from the home and
to make it possible for the child to return to the
child’s home; and 
 
                    (C)the child, in the child’s home, cannot be provided the
quality of care and level of support and supervision
that the child needs to meet the conditions of the
probation; . . . . 
 
Tex. Fam. Code Ann. § 54.04(i) (Vernon 2005); In re J.P., 136 S.W.3d 629, 635 n.9
(Tex. 2004). Appellant contends that there is no evidence and no explanation as to
why the trial court withdrew its initial order and entered a new order giving custody
to the chief juvenile probation officer. Specifically, appellant complains that there is
no evidence in the record that he, “in his home, could not be ‘provided the quality of
care and level of support and supervision that the child needs to meet the conditions
of the probation.’”
          A juvenile court has broad discretion to determine the proper disposition of a
child who has been adjudicated as engaging in delinquent behavior. In the Matter of
C.G., 162 S.W.3d 448, 452 (Tex. App.—Dallas 2005, no pet.). Absent an abuse of
discretion, a reviewing court will not disturb the juvenile court’s findings. Id. Under
an abuse of discretion standard, legal and factual sufficiency are relevant factors in
assessing whether the trial court abused its discretion. Id.
          In a legal sufficiency review of a juvenile court’s disposition, an appellate court 
considers only the evidence and inferences tending to support the court’s findings and
disregards all evidence and inferences to the contrary. Id.; In the Matter of C.J.H., 79
S.W.3d 698, 702–03 (Tex. App.—Fort Worth 2002, no pet.). The reviewing court will
set aside the judgment only if there is no evidence of probative force to support the
finding. Id. Anything more than a scintilla of evidence is sufficient to support the
finding. Id. at 703. In a factual sufficiency review, an appellate court considers and
weighs all the evidence and sets aside the judgment only if the finding is so against the
great weight and preponderance of the evidence as to be manifestly unjust. C.G., 162
S.W.3d at 452.
          The record indicates a lack of the requisite quality of care and level of
supervision in the home. While living at home, appellant committed the offense of
assault—he pulled the 13-year-old complainant’s hair, punched her in the face, and
kicked her in the back resulting in her hospitalization and her missing school. Nine
days before the first disposition hearing and while living at home, appellant was
placed on three days’ suspension at school for fighting and talking back. 
          The juvenile probation report notes that the probation officer tried to contact
appellant’s parents but “was unsuccessful in interviewing the family.” Appellant’s
parents’ apparent disinterest in discussing his legal predicament with his probation
officer tends to indicate a lack of the requisite quality of care and level of support and
supervision in his home. Appellant’s mother attended the first disposition hearing. 
His father did not.


 Despite being given the opportunity to address the trial court,
appellant’s mother chose not to provide the trial court with any information regarding
the quality of care or the level of support and supervision that appellant would receive
in their home. The failure of appellant’s parents to present any evidence about their
ability to offer appellant quality care and supervision in their home raises questions
about their ability to provide the necessary support. See In the Matter of T.A.F., 977
S.W.2d 386, 388 (Tex. App.—San Antonio 1998, no pet.). The record also indicates
that, while his mother was present at the disposition hearing, appellant exhibited some
sort of in-court misbehavior. At the second disposition hearing, appellant’s lawyer
stated, “I know [J.E.Z.’s] attitude was not that good during the disposition and
afterwards during court[,] . . . and I know he probably said some things that he should
not have said.” The trial court allowed appellant to apologize at the second
disposition hearing. Appellant testified that he was “sorry for being disrespectful.” 
Appellant also apologized to his probation officer and explained that he “was not in
a good mood that day.”
          We hold that, considering the totality of the circumstances, the trial court did
not abuse its discretion in finding that appellant would not receive the quality of care
and level of support and supervision in his home that he would need to meet the
conditions of his probation.
          We overrule points of error one through four.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Jennings, Hanks, and Higley.