MEMORANDUM OPINION



No. 04-06-00740-CV



IN THE MATTER OF M.G.G.



From the 289th Judicial District Court, Bexar County, Texas


Trial Court No. 2005-JUV-02377-B


Honorable Carmen Kelsey, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Catherine Stone, Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice


Delivered and Filed: July 18, 2007


AFFIRMED

 M.G.G., a juvenile, appeals the trial court's judgment finding he engaged in delinquent
conduct by committing the offense of burglary of a habitation, and committing him to the Texas
Youth Commission (TYC). We affirm the trial court's judgment.

1. In his first and second issues, M.G.G. argues no reasonable fact finder could have found
beyond a reasonable doubt that he entered the victim's home, or, alternatively, the evidence was
factually insufficient to support the adjudication. The record shows that during the adjudication
phase the State relied on both circumstantial evidence and statements made by M.G.G. to three
neighbors of the victim - Ishmal Beard, Elsa Morales, and Lula McCarter. The evidence established
that the victim lived at her home at 2123 E. Crockett until her death on May 30, 2005, and M.G.G.
and his family lived nearby at 2111 E. Crockett. The burglary occurred on July 5, 2005 while the
home was unoccupied. The property identified as stolen in the burglary included: a large brass and
glass coffee table with matching end tables; 50 pieces of jewelry, including a solitaire diamond ring,
gold chains, large gold rings, several pendants of butterflies, fish and flowers; two handguns,
including a derringer; and miscellaneous other items and electronic equipment. Prints obtained from
the home did not match M.G.G., and no one saw M.G.G. or anyone associated with him enter or
leave the home. However, on the day the burglary was discovered, witnesses observed drag marks
on the sidewalk that led from the front steps of the victim's home to the front of M.G.G.'s family
home. In addition, Beard testified M.G.G. approached him soon after the burglary and asked him
if he wanted to buy some glass tables. Beard saw three glass tables, two small and one large, in
M.G.G.'s bedroom. When asked how he had acquired the furniture, M.G.G. told Beard that he, his
brother and another person broke into the dead lady's house and stole all her stuff. M.G.G. told
Beard that they wore gloves for the burglary and had taken, among other things, a derringer handgun
and a .45 caliber handgun. A second neighbor, Morales, testified M.G.G. and his brother tried to sell
her a bracelet, a ring, and a necklace with a butterfly design, and had furniture and electronic
equipment for sale. A third neighbor, McCarter, testified M.G.G. tried to sell her a gold chain about
four or five days after the burglary. Other evidence admitted at trial showed that after the burglary,
M.G.G.'s mother pawned 29 items, including a number of jewelry items, some of which were similar
to those listed as stolen in the burglary. (1) These pawned items were never redeemed. None of the
property stolen in the burglary was ever recovered.

 In support of his position, M.G.G. relies upon McBride v. State, 803 S.W.2d 741 (Tex.
App.--Dallas 1990), pet. dism'd, 819 S.W.2d 552 (Tex. Crim. App. 1991), for the proposition that
a vague confession to a burglary is legally insufficient to sustain a conviction where no property
taken in the burglary is found on the defendant or anyone associated with him. In McBride, the
defendant confessed to committing several burglaries. The court of appeals found that, despite the
confession, the evidence was insufficient to show the defendant had committed the charged burglary,
reasoning that the "confession's description of the location of the burglary was vague and
imprecise;" "no property taken in the . . . burglary was found in [the defendant's] possession;" and
"the State offered no proof that the items described in [the defendant's] confession were the same
or even similar to the items taken" from the charged burglary. Id. at 743-44.

 We conclude the evidence in the instant case is clearly distinguishable from McBride. Here,
as contrasted with the confession and evidence presented in McBride, M.G.G.'s admission to a
neighbor that he broke into the house of "the lady that died down the street" is not vague or
imprecise. Instead, the statement identifies with reasonable particularity the owner of the house and
the neighborhood location of the house burglarized. In addition, there is evidence in this record,
other than the confession, linking M.G.G. to the charged burglary. Several witnesses testified they
saw items similar to those stolen in M.G.G.'s possession, including a large glass and brass coffee
and end table set. Furthermore, several witnesses testified there were scrape marks in the sidewalk,
apparently made by something large and heavy being dragged over it, beginning at the bottom of the
front steps of the victim's home and ending at M.G.G.'s home. Evidence was presented that
M.G.G.'s mother pawned jewelry which was similar to that stolen. When M.G.G.'s confession to
Beard is combined with the cumulative force of all the circumstantial and corroborative evidence,
it is both legally and factually sufficient to support M.G.G.'s adjudication for burglary. See Powell
v. State, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006); Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006). M.G.G.'s first and second issues are overruled.

2. M.G.G. next argues the trial court erred in committing him to TYC because probation would
have been a more appropriate disposition. M.G.G. contends the trial court abused its discretion when
it did not follow the recommendation for probation by Everett Henderson, the juvenile probation
officer who testified at the disposition hearing. Based on the record before us, we respectfully
disagree. Juvenile judges have broad discretion to determine a suitable disposition for a child who
has been adjudicated as having engaged in delinquent conduct. Matter of T.A.F., 977 S.W.2d 386,
387-88 (Tex. App.--San Antonio 1998, no pet.).

 As summarized in Henderson's pre-disposition report, M.G.G. was 16 years old at the time
of the disposition hearing, had juvenile referrals dating back two years, and had previously received
probation in July 2005 - the same month as the charged burglary. At the time of M.G.G.'s
disposition hearing, allegations of an assault on his brother in August 2005 and violation of his
probation conditions in March 2006 were pending. In addition, M.G.G. admitted to having a severe
alcohol abuse problem and had started substance abuse classes on one occasion, but failed to
complete the program. M.G.G. also had a long history of gang involvement, and a history of
arguments with his siblings and mother and leaving the home without permission. Henderson agreed
that M.G.G.'s home life had been unstable. The family had moved several times, having been
evicted from different residences, and had stayed with family members. Further, M.G.G.'s younger
sister was currently on probation, but was "A.W.O.L.," having left home without permission. While
on probation she was supposed to be in the care, custody and control of M.G.G.'s mother, the same
parent and the same household that Henderson was recommending for M.G.G.'s probation. The
record also established that M.G.G. had failed to appear for court on October 2005 and a warrant was
issued in November 2005. After M.G.G. again failed to appear for a court setting in February 2006,
Henderson went to M.G.G.'s home; no one could tell him M.G.G.'s location. A warrant was issued
in March 2006, resulting in M.G.G. turning himself in to authorities and being held in detention until
the July 2006 trial. Henderson conceded that part of M.G.G.'s recent improvement was due to the
fact that he had been confined in a secure, lock-down facility, rather than "roaming around on the
street" or being at home. After reviewing the evidence, we cannot say the trial court abused its
discretion in committing M.G.G. to TYC. M.G.G.'s third issue is overruled.

 Based on the foregoing reasons, the trial court's judgment is affirmed.

 

 Phylis J. Speedlin, Justice



1. The evidence further showed that for the entire year of 2004, M.G.G.'s mother pawned only four items.