Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-09-00715-CV

### IN THE MATTER OF X.E.S.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-JUV-01961B
Honorable Carmen Kelsey, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  September 15, 2010

AFFIRMED

This is an appeal from the trial court's disposition in a juvenile matter, placing appellant on probation outside his home. In a single issue on appeal appellant asserts the trial court abused its discretion when it refused to place him in his grandmother's home. We affirm.

A trial court has broad discretion to determine a suitable disposition for a child who has been adjudicated as having engaged in delinquent conduct. *In re T.A.F.*, 977 S.W.2d 386, 387 (Tex. App.—San Antonio 1998, no pet.). "No disposition placing the child on probation outside the child's home may be made . . . unless the court . . . finds that the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of the probation. TEX. FAM. CODE ANN. § 54.04(c) (Vernon Supp. 2009).

The Texas Family Code permits a trial court to place a child on probation outside his home if: (1) it is in the child's best interest to be placed outside the home; (2) reasonable efforts have been taken to prevent or eliminate the need for the child's removal from home; and (3) while in the home, the child cannot receive the quality of care and level of support and supervision needed to meet the conditions of probation. *Id.* § 54.04(i). Here, appellant asserts the record indicates that placing him in his grandmother's home was the more appropriate disposition.

The record reveals that appellant has had frequent run-ins with Bexar County and Nueces County juvenile authorities, including offenses for disorderly conduct, terroristic threats, obstructing highway passage, and assault causing bodily injury. At the time of his adjudication for assaulting a peace officer, appellant was fourteen years old and had been diagnosed with bipolar disorder, ADHD, and Oppositional Defiant disorder. Appellant's sixty-year-old grandmother works a night shift and has experience with adults and children who are aggressive and have serious emotional problems. Appellant's sixty-four-year old grandfather would be at home with appellant during the evening while his grandmother worked. Appellant's grandmother believed she would be able to have appellant remain on his medication, she could get him to the correct school program, and she would work with the Center for Health Care Services to treat appellant. The grandparents already have three other grandchildren whom they care for in their home. Appellant's mother lives in a house on the grandparents' property. No one knew the size of the grandparents' house, except that it is located in rural Nueces County. Appellant's attorney argued placement in a familiar environment with someone he knows would be best for appellant because he has "limited understanding." Appellant's probation officer believed appellant needed twenty-four hour supervision and she believed appellant should go into placement.

Considering the probation officer's recommendation, appellant's previous history of offenses, and his need for a structured environment, we cannot say the trial court abused its discretion in placing appellant on probation outside his home.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice