**In the Matter of Jerry RODRIGUEZ.**

**No. B14–84–541CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 7, 1985.

Lloyd D. Stansberry, Brown, Todd, Hagood & Davenport, Alvin, for appellant.

Julian W. Taylor, III, Jim Turner, Asst. Dist. Attys., Angleton, for appellee.

Before PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

This is an appeal, in a juvenile case, from an Order Modifying Disposition. Under the order, Jerry R. Rodriguez was committed to the Texas Youth Commission. Rodriguez, in four points of error, argues that the trial court abused its discretion in modifying its prior disposition order. We affirm.

On January 20, 1984, Rodriguez was adjudicated a juvenile delinquent for making bomb threats to Alvin Junior High School. The trial court ordered that he be placed on probation for a period of twelve months. A list of conditions of probation was attached to the Order of Disposition. One of the conditions, entitled "Curfew," provided:

I will be home at 1818 W. Phillips between 7:00 p.m., and 7:00 a.m., Sunday through Thursday and between 10:00 p.m., and 7:00 a.m., on Friday or Saturday. (There shall be no exception to this condition unless obtained in advance and in writing from my probation officer, unless I am with my relative or guardian.)

The conditions were signed by Rodriguez.

A petition was filed to revoke the probation. One of the grounds listed in support of the application to revoke probation was that on June 28, 1984, Rodriguez had violated his curfew. After a hearing on the matter, the trial court found that the curfew had been violated. The trial judge ordered that he be "committed to the Texas Youth Commission until his 18th birthday."

The first point of error is that "the trial court abused its discretion in modifying its prior disposition order because the evidence was legally insufficient to show that the Appellant had violated the curfew condition of his probation." Rodriguez contends that the only evidence on whether the curfew was violated was hearsay testimony which will not support the modifying of the disposition order.

The only testimony of the alleged curfew violation was supplied by Officer Jim Truelove of the Alvin Police Department. Truelove testified that he saw Rodriguez on June 28, 1984, at 11:04 p.m., outside Captain B's Gameroom, an establishment in Alvin. On cross-examination, Truelove explained that the time of 11:04 p.m. was determined from the log records at the Alvin Police Department and that he did not look at his watch to determine what time it was. Rodriguez's counsel moved to have the testimony struck because it was based on hearsay. The motion was overruled.

Even if we assume that the objected to testimony was hearsay, an issue we do not decide, we cannot agree that there is no evidence in the record showing that Rodriguez violated his curfew. An attack on the legal sufficiency of the evidence requires this court to consider only the evidence and inferences from the evidence which tend to support the judgment of the trial court and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Coffee v. City of Alvin*, 641 S.W.2d 597 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

On redirect examination, Truelove testified that on the night in question he was on duty from 6:00 p.m. until 2:00 a.m., and that when he arrived at Captain B's gameroom it was dark. Truelove testified that he left that area at approximately 11:30 p.m. and that time was not based upon his calling or checking the dispatcher's log. Truelove's testimony and the inferences from such testimony support the conclusion that Rodriguez violated his curfew. Point of error one is overruled.

Point of error two is that modification of the disposition order was an abuse of discretion because the alleged curfew violation was not a violation of a reasonable order of the court. The disposition of a delinquent child may be modified so as to commit the child to the Texas Youth Commission if the child has violated a reasonable and lawful order of the court. *In re D.E.P.*, 512 S.W.2d 789 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); TEX. FAM.CODE ANN. § 54.05(f) (Vernon Supp.1985). The conditions which caused

the violations in the *D.E.P.* case were out of the control of the child involved. The basis of this court's decision in *In re D.E.P.* was that these uncontrollable circumstances made the order of the court unreasonable, not that a curfew is an unreasonable condition. *In re D.E.P.*, 512 S.W.2d at 792. Given the facts in this case, the trial court's order conditioning the child's probation on his following the curfew was a reasonable order of the court. Point of error two is overruled.

The third point of error is that the modification of the disposition order was an abuse of discretion because "there was no evidence that the Appellant had not received permission from his probation officer to be out after curfew hours, and there is no evidence that the Appellant was not with a relative or guardian."

 Even if we accept the premise that the State had to disprove the exceptions to the curfew condition, there is some evidence that Rodriguez did not have permission and was not with a relative or guardian. The probation officer recommended that Rodriguez be committed to the Texas Youth Commission for the curfew violation. A logical inference from that fact is that the probation officer did not authorize, in writing, the curfew violation. Officer Truelove testified that he observed only one person outside the gameroom. That person was Rodriguez. We cannot say there was no evidence refuting the two exceptions of the curfew. Point of error three is overruled.

The fourth point of error is that the order committing Rodriguez to the Texas Youth Commission until his eighteenth birthday was erroneous because it constituted an invasion of the discretion of the commission. In support of this point Rodriguez cites *In re A.N.M.*, 542 S.W.2d 916 (Tex.Civ.App.—Dallas 1976, no writ). In that case, the Dallas court found that once a court commits a child to the Texas Youth Commission, discretion as to further disposition is vested in the commission, and the court cannot invade this discretion by com-

mitting the juvenile for a definite period of time. *In re A.N.M.*, 542 S.W.2d at 921.

This court has been informed by letter that Rodriguez has been released from the custody of the Texas Youth Commission. Since he has already been released, this point of error fails to show that the trial court's error, if any, was harmful. TEX.R. CIV.P. 434. Point of error four is overruled.

The judgment is affirmed.