846 S.W.2d 103 (1992)
In the MATTER OF S.H., a child.
No. 13-92-104-CV.
Court of Appeals of Texas, Corpus Christi.
December 31, 1992.
*105 Jeanne Chastain, Portland, for appellant.
David Aken, County Atty., Sinton, for appellee.
Before FEDERICO G. HINOJOSA, Jr., SEERDEN and DORSEY, JJ.

OPINION
FEDERICO G. HINOJOSA, Jr., Justice.
The trial court, on a State's Petition to Modify Disposition, adjudicated appellant guilty of delinquent conduct, modified the disposition of a prior order of adjudication, and committed appellant to the Texas Youth Commission for an indeterminate period not to extend beyond his twenty-first birthday. By two points of error, appellant complains that he was denied a jury trial and challenges the sufficiency of the evidence by which the trial court modified his disposition. We reverse and vacate the trial court's order adjudicating appellant guilty of delinquent conduct. We affirm the trial court's order modifying the disposition of the prior order of adjudication and committing appellant to the Texas Youth Commission.
By his first point of error, appellant complains that the trial court erred by denying him a jury trial on the State's Petition to Modify Disposition. Appellant's point is without merit. Juveniles do not have the right to have juries determine their disposition. Tex.Fam.Code Ann. § 54.04 (Vernon 1986). Hearings on petitions to modify disposition are governed by the Family Code, which specifically states, "There is no right to a jury at a hearing to modify disposition." Tex.Fam.Code Ann. § 54.05(c) (Vernon 1986). This rule, however, has one exception; a juvenile has a right to a jury trial on a petition to modify disposition which places him in jeopardy of a determinate sentence. Tex.Fam.Code Ann. § 54.05(h) (Vernon Supp.1993).
Appellant was originally adjudicated delinquent on June 10, 1991, for violating Tex.Penal Code Ann. § 30.04, and placed on probation. The State filed a Petition to Modify Disposition on November 18, 1991, alleging that appellant was adjudicated delinquent, was on probation, and subsequently violated the terms of his probation by committing an act of theft, by sexually assaulting a female, and by being outside his home without permission during proscribed hours. The trial court heard evidence and found appellant committed sexual assault and was outside the home during prohibited hours. The trial court adjudicated appellant guilty of delinquent conduct and modified the disposition of the June 10, 1991, order of adjudication of delinquency.
Appellant did not risk suffering a determinate prison sentence and had no right to have the State's Petition to Modify Disposition tried before a jury. We recently indicated our concern for the due process rights of juveniles. See In re O.L., 834 S.W.2d 415, 419-420 (Tex.App.Corpus Christi 1992, no writ) (failure to admonish juvenile of his rights before proceeding to adjudicate delinquency is fundamental error and may be first raised on appeal). Appellant, however, asserts rights in this case not conferred upon him by constitution or statute.
Appellant also argues under this first point of error that the trial court adjudicated him guilty of new offenses and that it may not do so without affording appellant a jury trial. In this regard, we agree with appellant. A juvenile must waive a jury or be afforded a jury at an adjudication hearing. Tex.Fam.Code Ann. § 54.03(c) (Vernon 1986). The Texas Rules of Civil Procedure govern juvenile delinquency proceedings, except when the rules conflict with a specific provision of the Family Code which governs such proceeding. *106 Tex.Fam.Code Ann. § 51.17 (Vernon 1986). A trial court's judgment must conform to the pleadings. Tex.R.Civ.P. 301.
The trial court had only one pleading on file, the State's Petition to Modify Disposition. There was no Petition to Adjudicate Delinquency before the trial court. Without a petition to adjudicate, the trial court had no authority to adjudicate appellant guilty of delinquent conduct. We sustain that part of appellant's first point of error complaining that the trial court erred by adjudicating him guilty of delinquent conduct, and we vacate the order adjudicating guilt. We overrule that part of appellant's first point of error complaining that the trial court erred by denying him a jury at the hearing on the State's Petition to Modify Disposition.
By his second point of error, appellant challenges the sufficiency of the evidence to support the trial court's finding that he committed sexual assault.
A disposition based on a finding that the child engaged in delinquent conduct may be modified so as to commit the child to the Texas Youth Commission if the court, after a hearing to modify disposition, finds beyond a reasonable doubt that the child violated a reasonable and lawful order of the court. Tex.Fam.Code Ann. § 54.05(f) (Vernon 1986). Appellant has not challenged the trial court's finding that he violated the terms of probation by being outside the home during prohibited hours, nor has he challenged that condition of his probation as being unreasonable or unlawful. Even if we were to agree with appellant that the evidence was insufficient to show that he committed sexual assault, the trial court's order modifying the disposition of the June 10, 1991, order of adjudication must be affirmed on the unchallenged ground that appellant violated a reasonable and lawful order of the court. Nevertheless, in the interest of justice, we will address appellant's second point of error.
A factual sufficiency point in a juvenile case requires us to consider all of the evidence and to determine whether the evidence supporting the finding is so weak or the evidence contrary to the finding is so overwhelming that the finding should be set aside and a new hearing ordered. In re Y.S., 602 S.W.2d 402, 405 (Tex.Civ.App. Austin 1980, no writ).
The victim testified that she had a fight with her husband and went to town between three and four o'clock a.m. on September 30, 1991, because she "needed someone to talk to." She saw appellant, whom she knew, at a convenience store in Ingleside. She told appellant that she needed to talk with someone. Appellant responded that he did not want to be seen by the police, but that he would go with her if they could "go somewhere the cops wouldn't find him because of his probation." They entered a vacant house and the victim began explaining the problems that she was having with her husband. Appellant kissed her, and she told him not to do that. After they talked for a while, appellant removed his pants, removed the victim's pants and underwear over her resistance, and had forcible intercourse with her. The victim testified that she yelled for appellant to stop, attempted to push him off, tried to pinch his windpipe and kicked him, but he held her down and pinned her arms. The victim later testified that appellant had been helping her husband build and paint a shed, that she had visited appellant's house a few times and had called his house a couple of times.
Appellant produced a witness who testified that she saw the victim during the latter part of September or the first part of October and that she was in a cheerful mood and bragged that she had "fucked" appellant. This witness also testified that she had previously seen the two together and that the victim "was always hanging on him and kissing on him and leaning against him." However, this witness also testified that she "would like to see [appellant] get off from this [charge]."
A second defense witness testified that he had seen the victim with appellant on previous occasions and that the victim was "flirting around with [appellant], trying to get him to do something which [appellant] would not do." A third witness testified *107 that the victim would go to appellant's house every day, before and after school. This witness testified that the victim received one of the two bruises on her legs while running away from another man who "was playing around with her" and that she had received the other bruise when she climbed out of the vacant house where the alleged sexual assault occurred. She testified that the victim had stated that she "didn't know really what happened and then [appellant] was inside of her and that she said that she didn't really try to get away or anything."
Appellant's father testified that the victim habitually called their house and that he told the victim to stop calling when he found out that she was married. Appellant was 15 years of age on the date of the alleged sexual assault.
The trier of fact may believe or disbelieve any witness, may resolve any inconsistencies in the testimony of any witness, and may accept lay testimony over that of experts. McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). We cannot say that the evidence is so weak or so contrary to the finding that the finding should be set aside. We overrule appellant's second point of error.
We REVERSE and VACATE the trial court's order of November 22, 1991, adjudicating appellant guilty of delinquent conduct. We AFFIRM the November 22, 1991, order modifying the disposition of the June 10, 1991, order of adjudication and committing appellant to the Texas Youth Commission.