**In re H.G., a Juvenile.**

**No. 04–98–00542–CV.**

Court of Appeals of Texas, San Antonio.

March 31, 1999.

Sherri A. Russell, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice and ALMA L. LÓPEZ, Justice.

## OPINION

Opinion by PHIL HARDBERGER, Chief Justice.

H.G. appeals the trial court's modified order of disposition committing H.G. to the Texas Youth Commission. In two points of error, H.G. argues that the evidence of his violations of the conditions of his probation is legally and factually insufficient to support the trial court's disposition. We affirm.

### I.

■ Based upon his plea of true, H.G. was found to have engaged in delinquent conduct; to-wit, criminal mischief, $20–$500. The trial court imposed a disposition of six months probation. The State moved to modify the trial court's disposition, alleging that H.G. had violated the conditions of his probation by failing to pay restitution, failing to perform community service, and failing to attend counsel-

ing. Upon a finding that H.G. had violated the conditions of his probation, the trial court modified its disposition, committing H.G. to the Texas Youth Commission.[1]

## II.

In two points of error, H.G. contends that the evidence is legally and factually insufficient to support the trial court's decision to modify his disposition to commit him to the Texas Youth Commission. A juvenile judge has broad discretion to determine a suitable disposition for a child who has been adjudicated as having engaged in delinquent conduct. *In re T.A.F.*, 977 S.W.2d 386, 387 (Tex.App.—San Antonio 1998, no pet.). Accordingly, we review the trial court's modification of a juvenile disposition for an abuse of discretion. *Id.; In the Matter of Rodriguez*, 687 S.W.2d 421, 422–23 (Tex.App.—Houston [14th Dist.] 1985, no writ); *In the Matter of J.L.*, 664 S.W.2d 119, 120 (Tex. App.—Corpus Christi 1983, no writ). The trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and principles. *T.A.F.*, 977 S.W.2d at 387; *In re A.S.*, 954 S.W.2d 855, 861 (Tex.App.—El Paso 1997, no writ).

The trial court may modify its disposition based on a finding that the juvenile engaged in delinquent conduct so as to commit the juvenile to the Texas Youth Commission if the court, after a hearing to modify disposition, finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. TEX. FAM.CODE ANN. § 54.05(f) (Vernon 1996); *Rodriguez*, 687 S.W.2d at 422–23.

### A. SUFFICIENCY OF THE EVIDENCE

When a juvenile challenges the legal sufficiency of the evidence by a no evidence point, we consider only that evidence and those inferences which tend to support the challenged findings, and disregard any and all evidence and inferences to the contrary. *In re S.A.M.*, 933 S.W.2d 744, 745 (Tex.App.—San Antonio 1996, no writ).

When reviewing a factual sufficiency challenge in a juvenile case, we consider the totality of the evidence to determine whether the evidence supporting the finding is so weak or the evidence contrary to the finding is so overwhelming that it is clearly wrong and unjust. *See In the Matter of S.H.*, 846 S.W.2d 103, 106 (Tex. App.—Corpus Christi 1992, no writ); *see also Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam). The trier of fact is the exclusive judge of the credibility of the witnesses, and, as such, may believe or disbelieve any witness and may resolve any inconsistencies in the testimony of any witness. *S.H.*, 846 S.W.2d at 106.

H.G. attacks the order modifying disposition on appeal by claiming that there is no evidence to satisfy the prerequisites to commit a juvenile to TYC under section 54.04(i) of the Family Code. Specifically, H.G. argues that: 1) there is no evidence that reasonable efforts were made to prevent or eliminate the need to remove the child from the home; and 2) that there is no evidence to show that H.G. could not be provided the level of care and supervision needed to meet the conditions of his probation. Essentially H.G. argues that while the trial court had the discretion

---

1. H.G. was adjudicated and his original disposition ordered on September 15, 1997, with the six month term of probation set to expire on March 15, 1998. The State filed its Motion to Modify Disposition on February 24, 1998. The trial court conducted a hearing on the motion on April 17, 1998, and entered a modified order of adjudication on April 21, 1998. When a motion to modify a disposition is filed within the probationary term for an alleged violation of the terms and conditions of probation which occurred within the probationary period, and the court proceeds to orderly disposition of that petition within a reasonable time with full regard for the procedural and substantive rights of the child, the court has authority to modify the prior disposition order even though the modification occurs after the termination date specified by the prior order. *In the Matter of R.G.*, 687 S.W.2d 774, 777 (Tex.App.—Amarillo 1985, no writ).

to modify its disposition based on the probation violations, it was without the discretion to modify the disposition to commit H.G. to TYC without sufficient evidence of the elements of section 54.04(i). In support of this position, H.G. relies on *In re K.L.C.*, 972 S.W.2d 203, 206 (Tex.App.—Beaumont 1998, n. pet. h.) and *In re A.S.*, 954 S.W.2d 855, 862–63 (Tex.App.—El Paso 1997, no writ). Neither of these cases are modification cases; both *K.L.C.* and *A.S.*involve a primary disposition of commitment to TYC.

Section 54.04(i) provides that, if the trial court commits the child to the Texas Youth Commission, the trial court shall include in its order its determination that: (1) it is in the child's best interest to be placed outside the child's home; (2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and (3) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation. TEX. FAM.CODE ANN. § 54.04(i) (Vernon 1996 & Supp.1998).

H.G.'s reliance on section 54.04(i) in this context is misplaced. Section 54.04 of the Texas Family Code applies to an original disposition hearing. In the instant case, H.G. was before the court on a motion to modify his prior disposition, which is governed by section 54.05 of the Texas Family Code. Section 54.05(f) permits a trial court to modify a disposition by ordering commitment if it finds "that a child violated a reasonable and lawful order of the court." TEX. FAM.CODE ANN. § 54.05(f) (Vernon 1996). Section 54.05(f), which specifically addresses the situation of transfer to TYC upon a modification of a disposition, does not require the trial court to make the findings under section 54.04(i). *Id.* It merely requires that the trial court find that the child violated a reasonable and lawful order of the court. *Id.* Therefore, the "mandatory determinations" required

by section 54.04(i) are inapplicable, and our sole inquiry is whether the evidence was sufficient to support the trial court's finding that H.G. violated a reasonable and lawful order of the court. *Cf. S.H.*, 846 S.W.2d at 106; *Rodriguez*, 687 S.W.2d at 422–23; *In the Matter of A.M.B.*, 676 S.W.2d 448, 451 (Tex.App.—Houston [1st Dist.] 1984, no writ); *J.L.*, 664 S.W.2d at 120; *In the Matter of M.H.*, 662 S.W.2d 764, 769 (Tex.App.—Corpus Christi 1983, no writ).

■ There is no dispute that H.G. did not comply with the terms of his probation. Specifically, the record contains uncontroverted evidence that H.G. did not complete his community service hours, failed to pay restitution, and did not attend counseling as required under the terms of his probation, although evidence was offered in mitigation or to explain the reasons for H.G.'s violations. There is also no allegation that the disposition of the court imposing probation was not a reasonable and lawful order. This is sufficient to affirm the trial court's modification under section 54.05(f) of the Family Code. H.G.'s points of error are overruled.

### III.

We affirm the trial court's modification of H.G.'s disposition order.

Concurring opinion by TOM RICKHOFF, Justice.

RICKHOFF, Justice, concurring.

Here is a child whose insolence and indolence wore on his parents, probation officer, teachers and eventually the court . . . so he was committed for being sullen. Since this judgment does not rely on section 54.04(i) of the Texas Family Code, but upon 54.05(f), which permits modification if the child violated a lawful order of the court, we must affirm.

If this were an original disposition with the mandatory determinations required by sections 54.04(i), I could not find that commitment to the Texas Youth Commission

met the "no evidence" standard. The reason we have section 54.04(i) is because commitment is our most significant resource; it should be reserved for serious offenders.

This child pleaded true to delinquent conduct, to-wit: criminal mischief, $20–500. His disposition included only six months probation—hardly the prototype offender for commitment. Subsequently, the child did not re-offend. However, during the hearing on the State's motion to modify, it was clear he failed to pay restitution, complete community service or attend counseling. Frankly, even from the cold record it seems his probation was programmed to fail due to this child's mildly surly attitude and his uncooperative parents. His mother vetoed his job prospect—the pizza place near his home—because it was also a bar. He completed 21 of 40 hours of community service at the animal shelter, probably due to sleeping-in and transportation problems. However, the essential failure of probation was missing counseling. His mother said this was because his dad "did not approve of counseling" and would not take him. One would think some inquiry would have been made to see if the parents would cooperate so as to make this a reasonable order of the court. As it was, it was a clear prescription for failure. While references to his wrestling with students at his alternative school exist, his dress was featured at the brief hearing: "When you go look for a job, do you go dressed like you are with your baggy pants and rolled-up cuffs?" Apparently this child also failed to wear a belt at school, and wore black shoelaces and had small scissors on his keychain. He also sneered while with his probation officer. Why, we'd have to lock up most of the male judges in the Bexar County Courthouse every other month if these were commitable offenses.

The majority has correctly set forth the standard of review as abuse of discretion. While we must trust our trial judges to reach these difficult revocation decisions, I would be more comfortable with a record that demonstrates the need for commitment than this record, which I believe merely shows a predictable failure of probation.

Motions to modify do not rely on section 54.04(i) but upon section 54.05(f). Here there is sufficient evidence to show this juvenile violated a reasonable and lawful order of the court and that the court did not act arbitrarily or unreasonably, or without reference to guiding principles. With this addendum I therefore join the opinion of the court.