TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00334-CV






In the Matter of R. L.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-16,242, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 The district court sitting as a juvenile court found that appellant R.L. engaged in
delinquent conduct by committing the offense of public lewdness and placed him on probation for
two years. See Tex. Penal Code Ann. § 21.07 (West 1994). Approximately one year later, the
State moved to modify R.L.'s disposition. The court determined that R.L. violated three
conditions of his probation and committed him to the Texas Youth Commission (TYC). See Tex.
Fam. Code Ann. § 54.05(f) (West 1996). Appellant contends that insufficient evidence supports
the juvenile court's determination that he violated probation and the court erred in committing him
to TYC. We will affirm the juvenile court's order.

 A juvenile may be committed to TYC if the court, after a hearing on a motion to
modify a disposition, finds by a preponderance of the evidence that the child violated the terms
of his probation. Id. Juvenile courts are vested with a great amount of discretion in determining
the suitable disposition of juveniles found to have engaged in delinquent conduct. In re M.A.L.,
995 S.W.2d 322, 324 (Tex. App.--Waco 1999, no pet.). Accordingly, we review a court's
modification of a juvenile's disposition for an abuse of discretion in finding, by a preponderance
of the evidence, a violation of a condition of probation. In re H.G., 993 S.W.2d 211, 213 (Tex.
App.--San Antonio 1999, no pet.). The juvenile court abuses its discretion when it acts arbitrarily
or unreasonably, or without reference to guiding rules and principles. Id.

 In its motion to modify, the State alleged that R.L. violated the following three
conditions of probation: (5) go to every class every school day, and obey all published school
rules and regulations; (8) report to the probation officer as directed and cooperate in every way
to insure the success of the terms of probation; and (13) participate in the Camelot Care Program
as directed by the probation officer. Specifically, the State alleged that R.L. violated condition
(5) because he did not attend school on April 26, 1999; condition (8) because he did not cooperate
with the treatment program of a psychologist; and condition (13) because he was unsuccessfully
discharged from the Camelot Care Program. The juvenile court agreed with the State and found
that R.L. had violated all three conditions. On appeal, R.L. contends that insufficient evidence
supports these probation violations.

 When a juvenile challenges the legal sufficiency of the evidence, we consider only
evidence and inferences which tend to support the challenged findings and disregard any evidence
and inferences to the contrary. Id. When reviewing a factual challenge, we consider the totality
of the evidence to determine whether the evidence supporting the finding is so weak or the
evidence contrary to the finding is so overwhelming that it is clearly wrong and unjust. Id. The
trier of fact, in this case the juvenile court, is the exclusive judge of the credibility of the
witnesses, and as such may believe or disbelieve any witness and resolves any inconsistencies in
the testimony. In re S.H., 846 S.W.2d 103, 106 (Tex. App.--Corpus Christi 1992, no writ).


Failure to Attend School on April 26, 1999

 In his first issue, R.L. contends that insufficient evidence supports the juvenile
court's finding that he was not in school on April 26, 1999, because R.L.'s probation officer,
Anthony Macias, testified that he had no personal knowledge of any of the alleged violations. 

 At the hearing, the only evidence about R.L.'s school attendance was Macias's
testimony. He testified that R.L. did not attend school for several days after his family moved
to a new school district. Before the family moved, Macias met with R.L. and his parents and
discussed R.L.'s probation. Because R.L. was having difficulty complying with some of the
probation conditions, Macias asked R.L.'s parents to enroll him in the new school within two days
of moving. After R.L.'s family moved, Macias contacted R.L.'s old and new schools and spoke
with the attendance workers. He learned that although twelve days had passed since R.L. attended
his old school, he was not enrolled in the new school. R.L. did not object to any part of Macias's
testimony. Later, Macias testified that he had no personal knowledge of any probation violations. 

 R.L. argues that because Macias stated that he lacked personal knowledge that R.L.
was not enrolled in school, the rest of his testimony constituted no evidence. R.L. relies on
Lumpkin v. State for the proposition that unobjected-to hearsay testimony lacks probative value
and constitutes no evidence for purposes of a sufficiency review. See 524 S.W.2d 302, 305 (Tex.
Crim. App. 1975). We disagree. 

 In the past, courts have held that unobjected-to hearsay testimony lacked probative
value and constituted no evidence for purposes of a sufficiency review. Unobjected-to hearsay,
however, is no longer denied probative value solely because it is hearsay. See Tex. R. Evid. 802. 
Macias testified without objection that appellant had missed twelve days of school. Sufficient
evidence exists to support the juvenile court's finding that R.L. violated the condition of probation
requiring him to attend class every school day. We overrule R.L.'s first issue.


Participation in the Camelot Care Program

 In his second issue, R.L. contends that his discharge from the Camelot Care
program did not constitute a violation of probation. He argues that he was required only to
participate in the program and was not required to complete the program.

 Shayna Feldman, a Camelot Care representative, testified at the hearing about
R.L.'s and his parents's involvement in the program. (1) She explained that R.L. became involved
in the program in mid-October 1998 and was discharged March 15, 1999. Camelot Care ended
its work with R.L. because "he had reached his full potential." In Feldman's opinion, the
program was unsuccessful in affecting R.L.'s behavior because R.L.'s parents did not follow
through at home with consequences for R.L.'s behavior. Additionally, it was Feldman's opinion
that R.L.'s problem-solving techniques were not adequate for him to understand his behavior. 
In her opinion, R.L. needed 24-hour supervision in order to keep him from being impulsive and
making bad decisions. Feldman explained that R.L. was discharged from the program because
neither he nor his parents were participating and cooperating in the program. Feldman concluded
that without participating or cooperating in the program, R.L. and his family would not realize
any benefit from the program. 

 Based on Feldman's testimony, we conclude that sufficient evidence exists to
support the juvenile court's finding that R.L. violated condition 13 of his probation and failed to
participate in the Camelot Care program. R.L.'s second issue is overruled.

 The juvenile court may revoke probation and send a juvenile to TYC for violating
one condition of probation. See Tex. Fam. Code Ann. § 54.05(f). Because we hold that two
probation violations are supported by the evidence it is unnecessary for us to address the third
alleged violation. The juvenile court did not abuse its discretion in revoking R.L.'s probation and
committing him to TYC. The juvenile court's order is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: January 21, 2000

Do Not Publish

1.   The Camelot Care program provides family counseling. 


BR1">
Failure to Attend School on April 26, 1999

 In his first issue, R.L. contends that insufficient evidence supports the juvenile
court's finding that he was not in school on April 26, 1999, because R.L.'s probation officer,
Anthony Macias, testified that he had no personal knowledge of any of the alleged violations. 

 At the hearing, the only evidence about R.L.'s school attendance was Macias's
testimony. He te