IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 
03-0266
════════════
 
In The 
Matter of J.P., A Juvenile
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Second District of Texas
════════════════════════════════════════════════════
 
 
Argued February 4, 2004
 
 
Justice Schneider, 
joined by Justice O=Neill and Justice Jefferson, 
concurring.
 
 
I 
join the Court=s 
opinion but write separately to express my concern and bring to the 
Legislature=s 
attention the result that the statute could have in certain circumstances. 
A 
plain reading of subsections 54.04(I), 54.05(f), and 54.05(k) allows a juvenile that has committed a relatively 
minor infraction to be committed to TYC without a finding by the trial court 
that such disposition is in his or her best interests or necessary to protect 
the public safety.  Tex. Fam. Code '' 
54.04(I) and 54.05(f), (k). As Justice Rickhoff has emphasized, In re H.G. provides one such 
example. 993 S.W.2d 211, 215 (Tex. App.BSan 
Antonio 1999, no pet.) (Rickhoff, J., concurring).  
There, the juvenile was initially adjudicated 
for criminal mischief, $20-500.  
Id.  His initial 
disposition resulted in six months of home probation.  Id.  While serving that probation, his 
disposition was modified, and he was committed to 
TYC.  The acts that resulted in his 
committal were failing to attend the required probation counseling because his 
father Adid 
not approve of@ 
it and failing to pay restitution because his mother vetoed his job 
prospect.  Id.  I agree with Justice Rickhoff that such acts alone should not warrant commitment 
to an institutional juvenile facility without a finding that it is in the 
child=s 
best interest.  Yet, under this 
statute, the trial court was within its discretion in committing the child in 
In re H.G. to TYC without that finding. 

The 
Court here emphasizes that A[i]f a trial court abuses its discretion by arbitrarily 
removing a child from home for trivial infractions, nothing in the statute 
prohibits the appellate judges of Texas from doing something about it.@  __ S.W.3d 
__.  While this may be true, 
results like that in In re H.G. suggest that the amount of discretion afforded trial 
courts in this area is exceedingly broad.  
And nothing in the statute or in our opinion 
today gives sufficient guidance to trial courts on how to deal with those cases 
that are on the margins.
TYC 
is the most severe form of incarceration contemplated in the juvenile justice 
scheme for an eleven-year-old child.  
Historically, the Legislature has expressed its intent that the 
commitment be reserved for only serious juvenile 
offenders.  See, e.g., Criminal Justice Policy Council, The Changing 
Profile of the Texas Youth Commission Population 4 available at 
www.cjpc.state.tx.us/reports/alphalist/index.html (Sept. 1996).  For one, a juvenile commitment, away 
from the child=s 
family, will undoubtedly have a permanent, lasting effect on any child that goes 
to TYC.  Also, the Legislature has not overlooked the fact that TYC 
commitment costs the State over $50,000 a year per child.  See Criminal Justice Policy 
Council, Mangos to Mangos: Comparing the Operating Costs of Juvenile and Adult 
Correctional Programs in Texas 10, 12 (Jan. 2003), available at 
www.cjpc.state.tx.us/reports/alphalist/index.html.
In 
certain cases, sending a child to TYC may provide a more proper environment and 
be in that child=s 
best interests.  However, I find it 
hard to believe that the Legislature intended for children that committed only 
minor infractions to be sent to TYC without first 
finding that it is in the child=s 
best interests.  But on its face, this statute allows that result.  
As 
the Court points out, the first purpose of the juvenile justice code is to provide for the protection of the public 
safety. Tex. Fam. Code 
' 51.01(1).  If a child poses a legitimate physical 
threat to those around him or her, TYC is a proper alternative.  However, not all children that may be 
committed to TYC under this statute pose such a threat.  Consistent with protecting the public, 
the code also encourages Aseparating 
the child from the child=s 
parents only when necessary for the child=s 
welfare or in the interest of public safety.@ 
 Tex. Fam. Code ' 51.01(5).  Thus, according to this purpose, it 
appears that the Legislature intended for the child=s 
interests to be considered before separating the child 
from his parents and sending him to TYC.  
But, as we properly hold today, the plain 
wording of the statute does not require this when juvenile dispositions are 
being modified.  See Tex. Fam. Code ' 54.05.  I would urge the Legislature to 
reevaluate this statute and to change it if the Legislature intended to require 
more before committing a child to TYC.
 
 
______________________________
MICHAEL 
H. SCHNEIDER
JUSTICE
 
 
OPINION 
DELIVERED:         
May 14, 2004