MEMORANDUM OPINION

No. 04- 05-00749-CV


IN THE MATTER OF D.G.


From the 386th Judicial District Court, Bexar County, Texas 

Trial Court No. 2003-JUV-03923

Honorable Laura Parker , Judge Presiding


Opinion by: Sandee Bryan Marion , Justice

 

Sitting: Alma L. López , Chief Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice


Delivered and Filed: April 5, 2006


AFFIRMED

 In this appeal from the trial court's order of modification of disposition, appellant asserts the trial court abused its discretion
when it committed him to the Texas Youth Commission ("TYC"), because the record indicates probation would have been
a more appropriate disposition. We affirm.

BACKGROUND

 In April 2004, appellant was charged with robbery by causing bodily injury, but he pled true to the lesser offense of, and
subsequently was adjudicated as, having engaged in delinquent conduct, assault causing bodily injury. He was placed on
probation for six months at the home of his aunt. In August 2004, following the State's motion to modify disposition,
appellant pled true to violating the terms of his probation prohibiting the use of drugs and alcohol and setting his curfew
restrictions. He was placed on probation for twelve months at the home of his aunt; with the first six months under an
Intensive Supervision Program. Because of his continued drug use, appellant voluntarily submitted to inpatient drug
treatment, which he successfully completed. However, since that time, he has four times relapsed into drug use, and his
family has been threatened by his former gang. In June 2005, following the State's second motion to modify disposition,
appellant stipulated to violating the terms of his probation prohibiting the use of drugs. The trial court committed appellant
to the TYC. 

DISCUSSION

 A trial court may modify its original order of disposition to commit a juvenile to the TYC if, after a hearing, the court finds
by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. Tex. Fam. Code Ann.
§ 54.05(f) (Vernon Supp. 2005);In re T.W.K., 4 S.W.3d 790, 791 (Tex. App.--San Antonio 1999, no pet.). A trial court may
modify a disposition under section 54.05(f) if the child has been adjudicated for a felony or misdemeanor "on at least one
previous occasion before the adjudication that prompted the disposition that is being modified," and the conduct that gave
rise to the adjudication being modified "occurred after the date of the previous disposition." Tex. Fam. Code Ann. §
54.05(k) (Vernon Supp. 2005). Here, the State introduced evidence of appellant's April 2001 adjudication on the offense of
arson.

 On appeal, appellant does not contest the sufficiency of the evidence supporting the trial court's finding that he violated a
lawful order of the court. Instead, he asserts that placing him on probation was the more appropriate disposition because he
is the victim of abuse; under the care of a psychiatrist and psychotherapist; prior to this latest hearing, he had already spent
three months in detention; and he is trying to "make his life more normal." Appellant's probation officer testified that
appellant had been under the care of a psychologist and psychiatrist for over two years; however, appellant continued his
substance abuse. The probation officer recommended commitment to the TYC based on appellant's continued drug use and
the continued threats by his former gang members against him and his family. Although appellant's probation officer
testified it was not fair that appellant be sent to the TYC because he was apparently attempting to stay away from his gang,
the probation officer also felt it was in appellant's best interest that he be sent to the TYC. 

 Juvenile courts have a great deal of discretion in determining the suitable disposition of children found to have engaged in
delinquent conduct, particularly in hearings to modify a disposition. In re H.G., 993 S.W.2d 211, 213 (Tex. App.--San
Antonio 1999, no pet.). Absent an abuse of discretion, we will not disturb the trial court's findings. Id. Because the
evidence was sufficient to support a commitment to the TYC pursuant to Family Code section 54.05(f) and (k), the court
was authorized and within its discretion to modify its previous disposition order and commit appellant to the TYC. 

CONCLUSION 

We overrule appellant's issue on appeal and affirm the trial court's judgment.



 Sandee Bryan Marion, Justice