Affirmed and Memorandum Opinion filed February 7, 2008








Affirmed and Memorandum Opinion filed February 7, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00926-CV

____________

 

IN THE INTEREST OF R.L.R. III

 



 

On Appeal from the 306th
District Court

Galveston County, Texas

Trial Court Cause No. 03JV0373

 



 

M E M O R A N D U M   O P I N I O N

Appellant, R.L.R. III, was charged with violating the terms
and conditions of his probation.  After a hearing, the trial court modified Appellant=s probation and
committed Appellant to the Texas Youth Commission (TYC).  Appellant timely
filed this appeal, arguing in three issues that (1) the evidence is factually
insufficient to prove that Appellant possessed a controlled substance, (2)
Appellant was denied effective assistance of counsel because his attorney
failed to object to the improper filing by the State of a petition to modify
Appellant=s disposition and failed to object to the application
of the Alaw of parties,@ and (3) Appellant
was denied effective assistance of counsel because his attorney was unable to
hear properly during the proceedings.  We affirm.     








I.  Factual and Procedural Background

Appellant was placed on juvenile probation on January 13,
2005 for unauthorized use of a vehicle.  The probation was to last for 18
months, during which time Appellant agreed to comply with the terms and
conditions of his probation.  Appellant was still on probation when the State
filed a petition to modify disposition, charging Appellant with several
violations of the terms and conditions of his probation.  Following a
modification hearing in which the court established that Appellant had violated
the terms and conditions of his probation, Appellant was committed to the TYC. 
Appellant timely filed this appeal.

Witness testimony during the modification hearing
established numerous probation violations, including that Appellant failed to
pay his probation fees, failed to report to his probation officer as required,
missed school, violated curfew, and admitted to smoking marijuana and crack
cocaine.  Additionally, testimony revealed that on May 21, 2005, a Texas City
police officer and his trainee knocked on the door of an apartment in response
to a noise complaint.  When someone eventually opened the door, the officers
smelled burnt marijuana and entered the apartment to investigate.  Appellant
emerged from the back bedroom, but refused to reveal his hands to the officers
and was subsequently arrested for resisting arrest, search, and transport.  








Testimony also established that on May 10, 2006 a Galveston
County constable attempted to execute an order to apprehend Appellant.  The
constable found Appellant driving a vehicle, called for back-up, and blocked
Appellant=s vehicle to prevent him from leaving.  The vehicle
driven by Appellant was occupied by five individuals.  The constable testified
that he saw Appellant toss a plastic baggie towards the front seat passenger. 
The baggie was recovered outside the vehicle, after the front seat passenger
stepped out of the car and onto the baggie in an attempt to hide it.  The
substance in the baggie tested positive for cocaine.   During the adjudication
phase of this probation modification, the court found that Appellant did
intentionally and knowingly possess crack cocaine within 1000 feet of a high
school, therefore violating the terms of his probation.  

Despite testimony from Appellant and his mother during the
disposition phase of the probation modification that Appellant did not need to
be confined to the TYC, the court found that Appellant was a child who had
engaged in delinquent conduct, who was previously on probation, and who
violated probation by crack cocaine and marijuana use and by driving without a
license.  The court further found Appellant violated his probation by failing
to pay probation fees, failing to report to his probation officer as required,
missing school on at least three occasions, and violating curfew.  Considering
the numerous probation violations, the court decided that it was not in
Appellant=s best interest to return to his mother=s house and
instead committed him to the TYC.   

II.  Issues and Analysis

In three points of error, Appellant contends that: (1) the
evidence was factually insufficient to prove that Appellant possessed a
controlled substance and therefore the trial court erred in committing
Appellant to TYC, (2) Appellant was denied effective assistance of counsel when
his attorney failed to make certain objections, and (3) Appellant was denied
effective assistance of counsel due to his attorney being unable to hear
properly during the trial proceedings.  

A. 
Did the trial court err in committing Appellant to TYC?








The Texas Family Code provides that a juvenile can be
transferred to TYC following a trial court=s modification of
a juvenile=s disposition, based on the trial court=s finding that the
juvenile violated a reasonable and lawful order of the court.  Tex. Fam. Code
Ann. ' 54.05(f)(Vernon
2003).  When considering the revocation or modification of a juvenile=s probation, the
finding of a single probation violation alone is sufficient to support a court=s revocation of
probation.[1] 
In a probation revocation or modification hearing for a juvenile offender, the
decision about whether to revoke or modify rests within the discretion of the
trial court.  See In re T.R.S., 115 S.W.3d 318, 320 (Tex. App.CTexarkana 2003, no
pet.).  When reviewing a court=s probation modification of a juvenile=s disposition on
appeal, we must decide whether the evidence is sufficient to support the court=s finding by a preponderance
of the evidence that the juvenile violated a condition of the probation.  Id.
 A trial court=s modification of a juvenile disposition
is reviewed for an abuse of discretion.  In re H.G., 993 S.W.2d
211, 213 (Tex. App.CSan Antonio 1999, no pet.).            








In the present case, the court=s decision was
supported by its findings that Appellant violated numerous orders of the court. 
The court found that Appellant failed to pay his probation fees, failed to
report to his probation officer as required, missed school on at least three
occasions, violated curfew, and admitted to smoking marijuana and crack
cocaine.  Additionally, the court found that Appellant was a child who had
engaged in delinquent conduct, who violated his probation by crack cocaine and
marijuana use, and by driving without a license.  The court further found that
based on the numerous probation violations, it was not in Appellant=s best interest to
return to his mother=s house.  Appellant contends that the
evidence was factually insufficient to prove that Appellant possessed a
controlled substance; however, Appellant does not address nor contest any other
probation violation identified by the trial court.  Because of our
determination that Appellant=s probation was properly revoked on any
one of the numerous unchallenged violations, we need not consider whether the
evidence is legally and factually sufficient to support the trial court=s finding
regarding possession of crack cocaine.[2]
 We therefore overrule Appellant=s first point of
error.           

B. 
Did Appellant receive ineffective assistance of counsel?

In his second and third points of error, Appellant asserts
that he received ineffective assistance of counsel.  Both the United States and
Texas Constitutions guarantee an accused the right to assistance of counsel. 
U.S. Con st. amend. VI; Tex. Const. art. I, ' 10; Tex. Code
Crim. Pro. art. 1.051 (Vernon 2005).  This right necessarily includes the right
to reasonably effective assistance of counsel.  Strickland v. Washington,
466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  When
reviewing allegations of ineffective assistance of counsel, we apply a two
prong test.  See Salinas v. State, 163 S.W.3d 734, 740 (Tex.
Crim. App. 2005)(citing Strickland, 466 U.S. at 687).  To satisfy this
test and establish ineffective assistance of counsel, the appellant must prove
by a preponderance of the evidence that (1) his trial counsel=s representation
was deficient in that it fell below an objective standard of reasonableness
based on the prevailing professional norms, and (2) there is a reasonably
probability that, but for counsel=s deficient
performance, the result of the proceeding would have been different.  Strickland,
466 U.S. at 688-92. 

When reviewing Appellant=s claim for
ineffective assistance of counsel, we apply a strong presumption that counsel
was competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999).  We must look to the totality of the representation and the
particular facts of each case.  Id.  Further, we presume that counsel=s actions and
decisions were reasonably professional and were motivated by sound strategy.  See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Overcoming this presumption requires that Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@  Thompson,
9 S.W.3d at 914.  








When there is no proper evidentiary record developed at a
hearing on a motion for new trial, it is extremely difficult to show that trial
counsel=s performance was
deficient.  See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim.
App. 2002).  When the record is silent as to trial counsel=s strategy, an
appellate court may not speculate as to the reasons for counsel=s actions.  See
Toney v. State, 3 S.W.3d 199, 210 (Tex. App.BHouston[14th
Dist.] 1999, pet. ref=d).  In the absence of such testimony, it
is difficult to meaningfully address appellant=s claims.  See
Davis v. State, 930 S.W.2d 765, 769 (Tex. App.BHouston[1st Dist.]
1996, pet. ref=d).  On such a silent record, this court can only find
ineffective assistance of counsel if the challenged conduct was Aso outrageous that
no competent attorney would have engaged in it.@  Goodspeed v.
State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).    

When reviewing a claim of ineffective assistance, we must
look to the totality of the representation.  Thompson, 9 S.W.3d
at 813.  Further, in order to prevail on a claim for ineffective assistance of
counsel based on the failure to object during trial, Appellant must show that
the trial judge would have committed error in overruling the objection had it
been made.  Ex parte White, 160 S.W.3d 46, 53 (Tex. Crim. App.
2004).

i. 
Trial Counsel=s Failure to Object

In the present case, counsel made strategic objections and
arguments during pretrial motions and during opposing counsel=s examinations of
each witness.  Counsel cross-examined each witness, bringing credibility into
question for several witnesses.  Appellant fails to describe counsel=s representation
for the majority of the trial and instead focuses solely on counsel=s failure to
object.  Although Appellant specifically refers to two objections that he
claims should have been made by counsel, Appellant has not directed this court
to any portion of the record that actually explains counsel=s strategy for
declining to make the objections.  Further, Appellant has not shown that the
trial judge would have committed error in overruling either objection, had they
been made.  








Regarding the first objection, Appellant claims that when
the State filed its amended petition to modify disposition, the State added a
new charge and therefore counsel should have objected, an adjudication hearing
should have been held, and a jury trial could have been requested.  We
disagree.  A review of the charging document under which the State ultimately
proceeded reveals that the document was indeed a petition to modify
disposition.  It is undisputed that Appellant was previously on juvenile
probation and had violated various conditions of that probation.  In a motion
to modify a disposition, a jury is not available.  Tex. Fam. Code Ann. ' 54.05(c)(Vernon
2007).  The record reflects that this proceeding was a modification of
probation and not an adjudication.  In addition to evidence about the new
charge, the State presented testimony regarding Appellant=s various probation
violations, Appellant=s admissions to his probation officer, and
Appellant=s own testimony as to why he did not comply with the
conditions of his probation. There is no indication from the record that
counsel or Appellant were confused as to whether the proceeding was an
adjudication or a modification. Therefore we conclude that the trial judge
would not have committed error in overruling this objection.








Regarding the second objection, Appellant claims that trial
counsel should have objected to the trial court=s application of
the Alaw of parties@ in its findings. 
Even if there is merit in the contention that the Alaw of parties@ was not
applicable in this case, we must determine that the failure to object was not
part of a valid and reasonable strategy before we can find that Appellant was
denied effective assistance of counsel.  It is reasonable to conclude that the
failure to object could have been part of a strategy by counsel to avoid
objections that would not have a substantial effect on the proceedings.  In the
present case, Appellant had already admitted to violating the conditions of his
probation.  The testimony of his probation officer supplied further evidence of
additional probation violations.  The record reveals no indication that counsel=s performance was
deficient or that the outcome of the proceeding was somehow affected by counsel=s failure to
object on either ground identified by Appellant.  Absent a contrary showing in
the record, it must be presumed that Appellant=s counsel=s lack of
objecting was part of a valid trial strategy and did not constitute ineffective
assistance.  See Thompson, 9 S.W.3d at 813-14 (holding that
allegations of ineffective assistance must be firmly founded in the appellate
record).  Additionally, Appellant has not argued nor shown that the trial judge
would have committed error in overruling this objection.

After reviewing the facts of this case, and considering
that the record is silent as to counsel=s strategy, we
must rely on the presumption that counsel=s actions were
motivated by sound trial strategy.  We conclude that Appellant=s counsel=s performance was
not so deficient that it fell below the standard of professional norms.  Therefore,
we overrule Appellant=s second point of error.  

ii. 
Trial Counsel=s Inability to Hear Properly During
the Proceedings

Finally, there is no evidence of a reasonable probability
that, but for counsel=s inability to hear adequately during the
proceedings, the result of the proceeding would have been different.  Although
Appellant refers to numerous instances of counsel indicating that he was unable
to hear, the record does not reflect that counsel ultimately did not understand
any of the testimony or that his inability to hear certain portions of the
proceedings prejudiced Appellant such that his hearing resulted in a different
outcome.  Because the finding of a single probation violation alone is
sufficient to support a court=s revocation of a juvenile=s probation, and
because Appellant admitted to numerous probation violations, we determine that
even if defense counsel heard every word in the hearing, it could not result in
a different outcome. Therefore, Appellant has not satisfied the second prong of
the Strickland test and we overrule Appellant=s third point of
error.  See Strickland, 466 U.S. at 688-92.         








                                                 III. 
Conclusion

Based on the foregoing, we affirm the trial court=s order modifying
R.L.R. III=s disposition and placing him in TYC.

 

 

 

/s/      Ross Sears

Senior Justice

 

 

 

Judgment rendered and Memorandum
Opinion filed February 7, 2008.

Panel consists of Justices Yates,
Guzman, and Sears.*









[1]  See In re T.R.S., 115 S.W.3d 318, 321 (Tex. App.CTexarkana 2003, no pet.) (holding that A[w]hen the state=s proof of any of the alleged
violations of probation is sufficient to support a revocation of probation, the
revocation should be affirmed@); see also Sanchez v. State, 603 S.W.2d 869, 871 (Tex.
Crim. App. 1980) (holding that in adult criminal cases for probation
revocation, probation may be revoked for a violation of a single condition).  





[2]  See Tex. R. App. P. 47.1.





*  Senior Justice Ross Sears sitting by assignment.