

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00341-CV

---

IN THE MATTER OF C.J.H., A CHILD

---

On Appeal from County Court at Law No. 1
Potter County, Texas,
Trial Court No. 10,976-1-JV, Honorable R. Walton Weaver, Presiding

---

May 31, 2022

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

After the trial court committed, Appellant, C.J.H.,[1] to the Texas Juvenile Justice Department for a period not to exceed the date on which C.J.H. turns nineteen years of age, Appellant brings this appeal to complain that the State failed to (1) notify C.J.H. of the conditions of his probation, (2) give C.J.H. reasonable notice of its amended motion to modify the trial court's prior disposition, and (3) present sufficient evidence to establish C.J.H. violated his probation by causing a serious bodily injury.

We overrule Appellant's issues and affirm the judgment.

---

[1] Because this appeal involves a minor, we use initials instead of the child's name. *See* TEX. R. APP. P. 9.8; *In re D.O.R.*, No. 06-20-00036-CV, 2012 Tex. App. LEXIS 258, at *1 n.1 (Tex. App.—Texarkana 2021, no pet.).

Background

The trial court found that in September 2018, C.J.H. committed the offense of evading arrest with a vehicle (a third-degree felony) and engaged in the unauthorized use of a motor vehicle (a state jail felony), among other matters. The trial court's *Adjudication Order* found C.J.H. had engaged in delinquent conduct; its *Disposition Order* placed him in the custody of residential programs at the Youth Center of the High Plains and placed him on probation until the age of eighteen with conditions. Among other conditions, Appellant was prohibited from engaging in further delinquent conduct or committing an offense against the laws of Texas.[2] C.J.H. signed the conditions of his probation.[3] Disposition was modified via agreed orders in November 2019 and January 2020, with C.J.H. being placed in the Intensive Supervision Program of the Potter County, Texas, Juvenile Probation Department.

In October 2020, the State filed its *Motion to Modify Disposition,* alleging C.J.H. violated two conditions of probation, viz.: (1) engaging in further delinquent conduct (condition one) and (2) committing an offense against the laws of Texas (condition 2). On November 9, 2020, the State filed a *Second Amended Motion to Modify Disposition.* The

---

[2] Additional conditions required C.J.H. to attend school regularly unless otherwise ordered by the Court (condition 6), to report to probation as directed (condition 7), and to abide by the conditions of the Intensive Supervision Program, "including being at home at all times, except to go to and from school or work, or unless permission is obtained in advance in writing through a probation officer, or unless the said child is with a parent or guardian" (condition 18).

[3] Attached to the conditions of probation was a "VERIFICATION OF EXPLANATION OF TERMS OF PROBATION" signed by C.J.H. that states, in pertinent part, as follows:

I, [C.J.H.] being the same child who was placed on probation in the above cause, have this date had the conditions of probation reviewed and explained to me by the Potter County Juvenile Probation Office.

I do fully understand each and every condition of probation imposed above. I further understand that in the event I should violate one or more of these conditions, I will be subject to detention pending any further disposition; in addition, I will be subject to further court proceedings which could result in a modification of the disposition made above and/or commitment to the Texas Juvenile Justice Department.

amended motion alleged multiple violations of the terms of C.J.H.'s probation, including, *inter alia*:

- Condition 2: Committing an offense against the laws of Texas by committing the offense of aggravated robbery, as defined under Texas Penal Code section 29.03;

- Condition 2: Committing an offense against the laws of Texas by committing the offense of robbery, as defined under Texas Penal Code section 29.02;

- Condition 2: Committing an offense against the laws of Texas by committing the offense of aggravated assault, as defined under Texas Penal Code section 22.02;

- Condition 6: By being absent from school without permission of the Court from January 8-30, February 20, and February 27, 2020;

- Condition 7: By failing to report to probation weekly as directed from February 20-July 13, 2020; and

- Condition 18: By being absent from his home on February 13, 25, and 28, 2020, absent any of the permitted reasons.

After the November 18, 2020, hearing, the trial court signed an Order Modifying Disposition to Texas Juvenile Justice Department. The trial court found C.J.H. violated conditions 6, 7, and 18 on the grounds alleged above. The trial court also found that while in the course of committing theft of property and with intent to obtain or maintain control of the property, C.J.H. intentionally or knowingly caused serious bodily injury to Brayan Chavez by striking Chavez's nose with his hand. This conduct, found the trial court, violated condition 2 because it constitutes aggravated robbery and aggravated assault. The trial court committed C.J.H. to the Texas Juvenile Justice Department for a period not to exceed the date on which C.J.H. turns nineteen years of age.

Thereafter, C.J.H. timely filed this appeal.

Analysis

A trial court may modify a juvenile's disposition if the court, after a hearing, finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. TEX. FAM. CODE ANN. § 54.05(f).[4] Appellate courts review a trial court's modification of a juvenile's disposition under an abuse of discretion standard. *In re H.G.*, 993 S.W.2d 211, 213 (Tex. App.—San Antonio 1999, no pet.). "In conducting our review, we engage in a two-pronged analysis: (1) was there sufficient information upon which to exercise discretion, and (2) did the juvenile court err in its application of discretion?" *In re H.C.*, Nos. 02-18-00230-CV, 02-18-00231-CV, 02-18-00232-CV, 2019 Tex. App. LEXIS 2084, at *38 (Tex. App.—Fort Worth Mar. 14, 2019, no pet.). We apply the civil standards to C.J.H.'s complaints about the sufficiency of the evidence. *Id. See also In re C.J.H.,* 79 S.W.3d 698, 703 (Tex. App.—Fort Worth 2002, no pet.) (holding that although the burden of proof during adjudication of delinquency requires application of the criminal standard of review, the disposition phase applies the civil standards for legal and factual sufficiency of the evidence).

*Issue One*

First, C.J.H. asserts the probation department failed to notify him of the conditions of his probation in violation of article 42A.052 of the Texas Code of Criminal Procedure. Article 42A.052(b)(1) states that "a supervision officer or magistrate who modifies the conditions of community supervision shall deliver a copy of the modified conditions to the defendant." Potter County Juvenile Probation Officer Hector Luna testified that after the

---

[4] However, a disposition "based solely on a finding that the child engaged in conduct indicating a need for supervision" may not be modified to commit the child to the Texas Juvenile Justice Department. TEX. FAM. CODE ANN. § 54.05(g).

child was placed in the intensive supervision probation program, Officer Jose Desantiago explained the conditions of probation to C.J.H.

The record also reflects that the signed order setting out the disposition into the Intensive Supervision Program and terms of probation was proposed by *mutual agreement* of the State and Appellant's attorney on his behalf. The signature of C.J.H.'s attorney appears on the document appended to the order, and entitled, "Disposition Order Appendix A: Intensive Supervision Program."[5] C.J.H. signed his name to the appendix's "verification" indicating that the conditions of his probation were "reviewed and explained" to him by the Potter County Juvenile Detention Office and acknowledged he "fully underst[ood] each and every condition of probation imposed by the Court."

C.J.H.'s first issue is overruled.

*Issue Two*

Second, C.J.H. asserts he did not receive reasonable notice of a hearing on the State's amended motion to modify. *See* TEX. FAM. CODE ANN. § 54.05(d) ("Reasonable notice of a hearing to modify disposition shall be given to all parties."). However, the record does not support C.J.H.'s position. The State's original motion was filed on October 19, 2020, alleging C.J.H. engaged in delinquent conduct and committed an offense against the laws of Texas by committing robbery and intentionally, knowingly, or recklessly causing "bodily injury" by striking Chavez.

C.J.H. also received the State's First Amended Motion*,* filed thirteen days before the hearing, adding detailed allegations and dates regarding C.J.H.'s violations of

---

[5] January 2020 appears to be the only time C.J.H. received disposition to the Intensive Supervision Program. The document immediately follows the trial court's signing of the January 2020 agreed order that sets out the terms and conditions of probation, although the order is titled, "State's Motion to Modify Disposition and Parties' Agreed Order Modifying Disposition."

conditions 6, 7, and 18. Notably, C.J.H. does not challenge the trial court's adverse findings that he violated conditions of probation 6, 7, and 18. *In re R.L.*, No. 03-99-0344-CV, 2000 Tex. App. LEXIS 471, at *6 (Tex. App.—Austin Jan. 21, 2000, no pet.).

The most recent pleading—the State's <u>Second Amended Motion to Modify Disposition</u> filed on November 9, 2020—alleged the same violative conduct as the First amended motion, but cited two different provisions of the penal code and alleged Chavez suffered "serious bodily injury." Thus, C.J.H. and counsel received at least thirteen days' notice of the gravamen of the State's allegations against C.J.H. and nine days' notice of an additional alleged offense before the November 18th hearing. *See generally In re J.P.*, No. 04-07-00612-CV, 2008 Tex. App. LEXIS 7780, at *7-8 (Tex. App.—San Antonio Oct. 15, 2008, no pet.) (mem. op.) ("In contrast to the pleading requirements at the adjudication stage, the Legislature has not imposed specific requirements on a petition at the disposition modification stage of a juvenile proceeding.").

Moreover, the record reflects that C.J.H.'s attorney announced ready to proceed at the beginning of the hearing. C.J.H. and his parent were also present. A complaint regarding unreasonable notice was not raised in the trial court, nor was a continuance sought. Under the circumstances, we find C.J.H. received reasonable notice. *See In re J.A.S.,* No. 13-06-00280-CV, 2008 Tex. App. LEXIS 9420, *6-10 (Tex. App.—Corpus Christi Dec. 18, 2008, no pet.) (collected cases cited therein). Appellant's second issue is overruled.

*Issue Three*

As noted above, C.J.H. does not challenge the trial court's findings that he violated conditions of probation 6, 7, and 18. A violation of a single condition of probation can be sufficient to modify a juvenile's disposition and send the juvenile to the Juvenile Justice

6

Department.  TEX. FAM. CODE ANN. § 54.05(f); *In re R.L.*, No. 03-99-00344-CV, 2000 Tex. App. LEXIS 471, at *6 (Tex. App.—Austin Jan. 21, 2000, no pet.).  Nevertheless, C.J.H. asserts in his third issue that the evidence was insufficient for a finding he committed the offenses of aggravated robbery and aggravated assault.[6]  In light of section 54.05(g) of the Texas Family Code, we discuss this evidence.

At the hearing, Brayan Chavez testified he was working at a retail store when he observed four persons outside his establishment attempting to steal a go-kart that had been left for repairs.  He approached the group and yelled for them to stop.  When the group attempted to push the go-kart, Chavez tackled C.J.H.  C.J.H. struck Chavez in the face with his fist.  Chavez testified his nose was broken because he heard "crackle sounds" and his nose was bleeding.  In the hospital, Chavez received a CAT scan.  Officer Zachery Matlock also observed Chavez's nose was severely swollen and bleeding.

"Serious bodily injury" is bodily injury that "creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss of impairment of the function of any bodily member or organ."  TEX. PENAL CODE ANN. § 1.07(a)(46). "[T]here are no wounds that constitute 'serious bodily injury' per se."  *Sizemore v. State*, 387 S.W.3d 824, 828 (Tex. App.—Amarillo 2012, pet. ref'd).  Instead, it is determined on a case-by-case basis without considering subsequent "amelioration or exacerbation of an injury not attributable to the offender, such as medical treatment."  *Blea v. State*, 483 S.W.3d 29, 35 (Tex. Crim. App. 2016).  When evaluating the evidence supporting serious bodily injury, we consider "whether the injury would be permanently disfiguring without medical treatment."  *Sizemore*, 387 S.W.3d at 829.  Physician testimony is not essential when the injury and its effects are obvious.  *Id.* at 828 (citation omitted) (person who

---

[6] *See* TEX. PENAL CODE ANN. §§ 22.02(a)(1), 29.03(a)(1).

7

sustained the at-issue injury is qualified to express an opinion about the seriousness of the injury).

To the extent that the evidence of C.J.H.'s other unchallenged violations are not sufficient for affirmance, we determine under the proper standard of review that the trial court had a sufficient evidentiary basis for finding that C.J.H. committed aggravated robbery and aggravated assault. *See Brown v. State*, 605 S.W.2d 572, 574-75 (Tex. Crim. App. 1980) (finding a broken nose serious bodily injury on the day it was inflicted even though the effects were later ameliorated by medical treatment); *Francis v. State*, No. 07-12-0044-CR, 2012 Tex. App. LEXIS 9847, at *4-5 (Tex. App.—Amarillo Nov. 20, 2012, pet. ref'd). Thus, we find the evidence sufficient to affirm the trial court's disposition. We overrule C.J.H.'s third issue.

## Conclusion

The November 18, 2020, Order Modifying Disposition to Texas Juvenile Justice Department is affirmed.

Lawrence M. Doss
Justice

8